David B. TIMO, Plaintiff,

v.

ASSOCIATED INDEMNITY CORPORATION et al., Defendants.

Civ. No. 75–0912–D.

United States District Court, W. D. Oklahoma.

Feb. 20, 1976.

David B. Timo, pro se.

Robert S. Baker, Paul C. Duncan, Asst. Atty. Gen., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

In this action Plaintiff, David B. Timo, sues Defendants Associated Indemnity Corporation (Associated), Boulevard Cafeteria (Boulevard), and Robert Tharp (Tharp), for an alleged conspiracy under color of state law to deprive him of due process of law. The action is alleged to arise under Article 14, § 1 of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is alleged under 28 U.S.C. § 1343.

Plaintiff alleges that on November 25, 1974 he was injured while employed by Boulevard. On December 10, 1974 he filed an employees first notice of injury with the Oklahoma State Industrial Court. Later in December 1974 Plaintiff was visited by an agent of Boulevard's insurer, Associated, who told him that he was being paid 66⅔% of his weekly wage as temporary total disability. Associated and Boulevard did not file notice of injury with the Industrial Court. Associated and Boulevard made voluntary payments of compensation without notice to the Industrial Court. Plaintiff filed a mo-

tion for hearing on change of condition in the Industrial Court on September 15, 1975. This motion was set for hearing on February 2, 1976. On September 26, 1975 Plaintiff filed a motion for certification of record in the Industrial Court. Plaintiff has not been notified of any action taken relevant to this motion. It is alleged by Plaintiff that Defendant Tharp is the Secretary of the Industrial Court. It is his duty to process all claims, motions and communications and to set hearing dates. He has filed three of Plaintiff's claims as one case. He has failed to set a hearing date for Plaintiff's initial claim. He has taken no action on Plaintiff's motion for certification of record. Plaintiff further alleges that Defendants Boulevard, Associated and Tharp have conspired to cloud the record in Plaintiff's case in the Industrial Court, to obstruct justice, and to deprive Plaintiff of due process of law while acting under color of state law. In furtherance of this conspiracy it is alleged Plaintiff has been fired from his job with Boulevard.

Associated and Boulevard have filed herein a joint motion to dismiss for failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction and lack of personal jurisdiction. Rule 12(b), Federal Rules of Civil Procedure. The true thrust of these motions is failure to state a claim. It is Movant's position that Plaintiff has failed to state a claim under 42 U.S.C. § 1985, which is the substantive statute to which 28 U.S.C. § 1343 relates, in that he has failed to allege that their acts were motivated by class based animus, and Plaintiff has failed to state a claim under 42 U.S.C. § 1983 in that the has failed to allege action taken under color of state law. Plaintiff has responded to these Motions and the matter being at issue before the Court is determined as follows:

■ 28 U.S.C. § 1343 is a jurisdictional grant pertaining both to 42 U.S.C. § 1983 and § 1985. As sections (1) and (2) of 28 U.S.C. § 1343 pertain to 42 U.S.C. § 1985 and are cited by the Plaintiff the Court will consider that Plaintiff alleges a violation of

42 U.S.C. § 1985. However, 42 U.S.C. § 1985 is violated only if the conspiracy complained of is motivated by some racial or other class based invidious discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Ward v. St. Anthony Hospital*, 476 F.2d 671 (Tenth Cir. 1973). Plaintiff has failed to allege any such animus behind the alleged conspiracy. Therefore, he has failed to state a claim arising under 42 U.S.C. § 1985 and 28 U.S.C. § 1343(1) and (2).

■ 42 U.S.C. § 1983 provides that:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority is action taken under color of state law. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Plaintiff has not alleged that Boulevard and Associated have done anything under color of state law. However, private persons whose actions would not otherwise be deemed to be under color of state law within the meaning of 42 U.S.C. § 1983 may come within the statute's purview if they act in concert with a state official who does act under color of state law. See *Luker v. Nelson*, 341 F.Supp. 111 (N.D.Ill.1972); *Gillibeau v. City of Richmond*, 417 F.2d 426 (Ninth Cir. 1969), and *Mizell v. North Broward Hospital District*, 427 F.2d 468 (Fifth Cir. 1970).

■ A Complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In this case Plaintiff has alleged that Associated and Boulevard conspired with Tharp to cloud his Industrial Court record. It appears that Tharp may be a state officer and that his alleged actions may have been under color of state law.[1] Accordingly, if Plaintiff can prove concerted action between Associated, Boulevard and Tharp, and that Tharp was a state official acting under color of state law, he may be entitled to recover herein. Accordingly, Defendants' Motion to Dismiss should be overruled insofar as it pertains to 42 U.S.C. § 1983.

In view of the foregoing the pending Motion should be sustained insofar as it pertains to 42 U.S.C. § 1985 and overruled insofar as it pertains to 42 U.S.C. § 1983. Defendants Associated and Boulevard will answer the Complaint within twenty (20) days from the date hereof.

---

1. The Court has considered sua sponte whether Defendant Tharp enjoys immunity under 42 U.S.C. § 1983 by virtue of his status as Secretary of the Oklahoma State Industrial Court. The Court cannot say that as a matter of law Tharp enjoys such immunity. See *McCray v. State of Maryland*, 456 F.2d 1 (Fourth Cir. 1972); *McGhee v. Moyer*, 60 F.R.D. 578 (W.D. Va.1973) and 14 C.J.S. Civil Rights § 140.