276 So.2d 180 (1973)
STATE of Florida, Appellant,
v.
Earl L. PENLEY, Appellee.
No. 72-890.
District Court of Appeal of Florida, Second District.
April 11, 1973.
Rehearing Denied May 7, 1973.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
James A. Gardner, Public Defender, and Mary Jo M. Gallay, Asst. Public Defender, Bradenton, for appellee.
BOARDMAN, Judge.
On September 6, 1972, at approximately 4:15 A.M., a St. Petersburg police officer, while patrolling, saw appellee, Earl L. Penley, sitting on a bench at a city bus stop located in the vicinity of Central Avenue and 9th Street in the City of St. Petersburg. The officer approached appellee, spoke to him, shook his leg, and, finding him asleep, arrested him for sleeping in a public place in violation of St. Petersburg City Ordinance 22.57. This Ordinance provides as follows:
"No person shall sleep upon or in any street, park, wharf or other public place. (Code 1955, ch. 25, § 47.)"
*181 Subsequent to his arrest, appellee was placed in a police cruiser and a small caliber pistol was found in his possession.
On October 6, 1972, the state filed an information charging appellee with carrying a concealed firearm in violation of Section 790.01(2), Florida Statutes, F.S.A. On October 9, 1972, appellee filed a motion to suppress all evidence seized as a result of an unlawful arrest, search and seizure. The trial court, on October 17, 1972, after hearing, granted appellee's motion to suppress on the basis that any enforcement under the ordinance would have to be "... arbitrary and capricious." The state, thereafter, filed a timely appeal (Rule 6.3, subd. a, FAR, 32 F.S.A.).
We have considered the briefs and authorities cited and conclude that the trial court correctly held St. Petersburg City Ordinance 22.57 to be unconstitutional. This court is the proper forum to review the constitutionality of a city ordinance. Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407.
We find that there is marked similarity between this ordinance and most vagrancy legislation in that both provide for punishment of unoffending behavior. This court, therefore, adopts the reasoning in Lazarus v. Faircloth, S.D.Fla. 1969, 301 F. Supp. 266, in holding that the ordinance here under scrutiny draws no distinction between conduct that is calculated to harm and that which is essentially innocent. See, also, Smith v. Florida, 405 U.S. 172, 92 S.Ct. 848, 31 L.Ed.2d 122. We further hold that the ordinance is void due to its vagueness in that it "... fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute... ." United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989. Further, the ordinance, as written, may result in arbitrary and erratic arrest and convictions. See Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110; Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093, and Herndon v. Lowry, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066. It thus follows that appellee's arrest was unlawful. Therefore, the trial judge was correct in granting appellee's motion to suppress. See Russo v. State, Fla.App. 1972, 270 So.2d 428. We, therefore,
Affirm.
MANN, C.J., and LILES, J., concur.