321 So.2d 472 (1975)
Gerald Monte CICCARELLI, Petitioner,
v.
The CITY OF KEY WEST, Florida, Respondent.
No. 75-311.
District Court of Appeal of Florida, Third District.
October 28, 1975.
Thomas A. Wills, American Civil Liberties Union of Florida, Coral Gables, for petitioner.
Edward Worton, State's Atty., and W. Randall Winter, Asst. State's Atty., for respondent.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
NATHAN, Judge.
This petition for a writ of certiorari was filed by Gerald Monte Ciccarelli, to seek review of a judgment of the circuit court sitting in its appellate capacity, affirming a judgment of the Key West municipal court.
Ciccarelli was charged by complaint with "loitering on any public street, public sidewalk, public overpass, public bridge or public place so as to hinder or impede or tend to hinder or impede the passage of pedestrians or vehicles," in violation of § 21-41(1) of the Code of Ordinances of the City of Key West. On January 31, 1973, immediately prior to his trial in the Key West municipal court, Ciccarelli orally moved for dismissal of the complaint on the grounds that § 21-41(1) is vague and overbroad in violation of the Fourteenth Amendment to the Constitution of the United States. The court orally denied the motion to dismiss and proceeded with the trial. Ciccarelli pled not guilty, was tried *473 without a jury, adjudicated guilty as charged and sentenced to pay a fine of $25.00 plus $2.00 court costs, or serve 12 days in the city jail. From his adjudication of guilt and sentence, he appealed to the circuit court. No evidentiary facts were presented on appeal. The sole issue presented was whether the trial court erred and violated Ciccarelli's right to due process under the Fourteenth Amendment to the Constitution of the United States by convicting him under an ordinance that is invalid on its face as being vague and overbroad. The circuit court, affirming the municipal court, entered a judgment on appeal holding that, "The subject ordinance is not overbroad and is valid on its face and does not contravene the provisions of the United States Constitution."
Ciccarelli now files this petition for writ of certiorari in this court, stating that he has no other adequate remedy by appeal or otherwise. This court has jurisdiction of the cause pursuant to Art. V, § 4(b)(3) of the Florida Constitution and Rule 4.5(c) of the Florida Appellate Rules. See State v. Katz, Fla.App. 1959, 108 So.2d 60; Dresner v. City of Tallahassee, Fla. 1964, 164 So.2d 208; Blacharski v. Watts, Fla.App. 1972, 268 So.2d 465; Pettersen v. Nelson, Fla. App. 1972, 269 So.2d 22; Whittemore v. Dade County, Fla. 1974, 292 So.2d 363, 365.
The petitioner argues that in the decision sought to be reviewed herein, the circuit court departed from essential requirements of law by holding Ordinance 21-41 to be valid on its face and by failing to prescribe limitations upon its application so as to bring the ordinance within constitutional restraints.
It is well settled that a law denies due process guaranteed by the Fourteenth Amendment of the United States Constitution if (1) it is so vague that a person of ordinary intelligence is not put on notice of the conduct which is prohibited, State v. Buchanan, Fla. 1966, 191 So.2d 33, 34; Palmer v. City of Euclid, 1971, 402 U.S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98; Papachristou v. City of Jacksonville, 1972, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110, or (2) if the law is so overbroad that it makes common conduct criminal and provides the police with unfettered discretion to arrest. Headley v. Selkowitz, Fla. 1965, 171 So.2d 368; State v. Penley, Fla.App. 1973, 276 So.2d 180, 181; Lanzetta v. New Jersey, 1939, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888.
Key West Ordinance 21-41 specifically prohibits loitering if it "impedes or tends to impede" passage. Ciccarelli submits that the limiting words themselves are so vague and overbroad that the ordinance fails to comport with due process requirements; a person of ordinary intelligence must guess what conduct is prohibited; ordinary and usual conduct is made criminal and the police still have unfettered discretion to arrest for usual, ordinary, non-criminal conduct.
In the recent Florida Supreme Court opinion of State v. Ecker, 1975, 311 So.2d 104, reviewing the constitutionality of a loitering statute,[1] the court recognized that if the statute broadly proscribes loitering or idling, without more, it would be unconstitutional. On the other hand, if a statute proscribes loitering that threatens public safety or a breach of the peace, it can withstand constitutional attack. The Supreme Court stated that whether the statute would withstand constitutional attack depends upon a "delicate balancing between the protection of the rights of individuals and the protection of individual citizens from imminent criminal danger to their persons or property." (page 107)
The Supreme Court then proceeded to analyze a number of cases including United States Supreme Court cases which demonstrate that a statute broadly proscribing *474 loitering without more would be unconstitutional.
The issue which we now must determine is whether Ordinance 21-41 is sufficiently restrictive to afford due process. § 856.021, Fla. Stat., was found to be constitutional in State v. Ecker, supra, because it sets out standards and separate and distinct elements which must be established in order to convict a defendant under it. The test applied by the Florida Supreme Court in Ecker is "... if the statute proscribes loitering that threatens the public safety or breach of the peace, it can withstand constitutional attack." (page 107) Ordinance 21-41(1) offers no standards to distinguish it from a "catchall." It has no elements of a criminal offense, unless ordinary conduct can be so considered.
The "delicate balance" test referred to by the court takes on added significance where the ordinance impinges upon a constitutional right. The First Amendment of the Constitution of the United States provides for the right of people peaceably to assemble. A right of constitutional proportions should not be impaired except where a substantial threat of injury to public safety exists. Absent criminal intent or criminal negligence "tending to impede passage" is not a crime, and absent a refusal to obey a lawful order to move on, no threat to public safety is apparent. Under such circumstances the "delicate balance" must favor the petitioner's constitutional rights including the right of assembly.
We hold that in order to comply with the above test, Ordinance 21-41(1) must contain some restrictive standards which would limit its application to impediments to passage that threaten public safety or a breach of the peace. We, therefore, find that the circuit court departed from the essential requirements of law by affirming the judgment and sentence of the Key West municipal court, by failing to declare the Ordinance 21-41(1) unconstitutional on its face as lacking the necessary restrictive standards.
The petition for certiorari is granted and the judgment and sentence of the trial court is quashed.
NOTES
[1] § 856.01, Fla. Stat.