Douglas Stevenson JOBSON, Individually, and Michael Napier, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

The CITY OF HUNTINGTON BEACH, a Municipal Corporation, the Huntington Beach Police Department, Floyd Belsito, City Administrator for the City of Huntington Beach, Earle Robitaille, Chief of Police of Huntington Beach, Ronald Shenkman, Mayor of the City of Huntington Beach, Patrick Gildea, Huntington Beach Police Officer, H. Poe, Huntington Beach Police Officer, Badge # 99, V. Bethea, Huntington Beach Police Officer, Badge # 209, J. Blackwell, Huntington Beach Police Officer, Badge # 59, G. Renek, Huntington Beach Police Lieutenant, Defendants.

No. CV–78–4486–AAH(Kx).

United States District Court, C. D. California.

Dec. 14, 1978.

David Paul Carpenter, Westminster, Cal., for plaintiffs.

Gail Hutton, City Atty., by Robert C. Sangster, Huntington Beach, Cal., for defendants City of Huntington Beach, Huntington Beach Police Dept., Floyd Belsito, City Administrator, Earle Robitaille, Chief of Police, and Ronald Shenkman, Mayor.

William B. Sage, Police Legal Advisor, Huntington Beach, Cal., for defendants Patrick Gildea, H. Poe, V. Bethea, J. Blackwell, and G. Renek.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR DENIAL OF TEMPORARY RESTRAINING ORDER F.R.C.P. 52

HAUK, District Judge.

Plaintiffs, and each of them, having applied to the court for issuance of a temporary restraining order, and the court having heard plaintiff's ex parte application therefor at 10:00 a.m. on November 28, 1978, pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 3(j), and the court having heard and considered arguments and having read and considered the verified complaint in this action, the supporting exhibits and affidavits, the points and authorities, and other supporting papers, now makes the following findings of fact and conclusions of law:

### FINDING OF FACT

1. The affidavits, verified complaint, and other supporting papers filed by plaintiffs herein are totally inadequate to support the awarding of any injunctive relief. Further, the court makes the specific findings set forth below.

2. None of the affidavits show any specific facts, by affidavit, verified complaint, or otherwise, establishing that immediate

and irreparable injury, loss, or damage will result to plaintiffs before the adverse party can be heard in opposition.

3. None of the affidavits or verified complaint show any facts which would warrant injunctive relief.

4. Any and all of the claimed detriment is compensable by damages or other legal relief.

5. All of the affidavits are based on ambiguous phrases and hearsay. They are vague, unintelligible, incompetent, and lacking in factual basis.

6. Huntington Beach Municipal Code Section 12.32.010 reads as follows: "*12.32.-010 Loitering, obstructing free passage.* No person, after first being warned by a law enforcement officer, or where a sign or signs have been posted in accordance with this chapter, shall loiter, stand, sit or lie in or upon any public or quasi-public sidewalk, street, curb, crosswalk, walkway area, mall or that portion of private property utilized for public use, so as to hinder or obstruct unreasonably the free passage of pedestrians thereon; nor shall any person block or obstruct, or prevent the free access to the entrance to any building open to the public. (Ord. 1625 (part), 1971: Ord. 1516, 1969)."

## CONCLUSIONS OF LAW

1. Unusual circumstances short of probable cause to make an arrest which leads a police officer to reasonably conclude that criminal activity may be afoot may justify a police officer stopping and briefly detaining a person for questioning or other limited investigation. *People v. Mickelson* (1963) 59 Cal.2d 448, 450, 30 Cal.Rptr. 18, 380 P.2d 58. *In re Tony C.* (1978) 21 Cal.3d 888, 148 Cal.Rptr. 366, 582 P.2d 957. *Terry v. Ohio* (1968) 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889.

Briefly stated, an officer may stop or detain a suspect when he has a reasonable suspicion that criminal activity is involved. *In re Tony C.* (1978) 21 Cal.3d 888, 148 Cal.Rptr. 366, 369, 582 P.2d 957, 960. *In Tony C.*, the California Supreme Court further explained that, "The possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct. Indeed, the principal function of his investigation is to resolve that very ambiguity and establish whether the activity is in fact legal or illegal—to 'enable the police to quickly determine whether they should allow the suspect to go about his business or hold him to answer charges.'" (*In re Tony C.*, 148 Cal.Rptr. at p. 369, 582 P.2d at p. 960.)

The Constitutional guidelines which govern detentions have no application, however, where contact between the officer and the citizen was for some other lawful purpose other than to investigate the person detained as a suspect in criminal activity. *In re Tony C., supra*, ["If the individual is stopped or detained because the officer suspects he may be personally involved in some criminal activity, his Fourth Amendment rights are implicated and he is entitled to the safeguards of the rules set forth above. But similar safeguards are not required if the officer acts for other proper reasons. Such reasons are obviously too many and varied to recite, but they may be grouped in at least two general categories: (1) the officer may wish to question the person not as a suspect but merely as a witness to a crime, or (2) the officer may be engaged in one of 'those innumerable miscellaneous tasks which society calls upon the police to do which have nothing to do with the detection of crime' [*Batts v. Superior Court* (1972) *supra*, 23 Cal.App.3d 435, 438, 100 Cal.Rptr. 181, 183], such as giving aid to persons in distress, mediating domestic quarrels, assisting the elderly or the disabled, furnishing traffic advice or directions, and generally preserving the peace and protecting persons from harm or annoyance." 148 Cal.Rptr. at p. 370, 582 P.2d at p. 961.

With respect to persons loitering or wandering upon the streets or from place to place without apparent reason or business, a peace officer who believes that public safety demands investigation may ask such person to identify himself and account for his

presence. [*California Penal Code* Section 647(e).]

Under various state statutes, including *California Welfare and Institutions Code* sections 305 and 625, law enforcement officers have authority to take certain minors, or persons reasonably believed to be minors into temporary custody, such as a minor who is in need of proper and effective parental care or control.

■ Under *Terry v. Ohio, supra,* and supportive California cases, detention and questioning of a minor with respect to a violation of state laws or city ordinances would be justified. Plaintiffs have not shown, by their affidavits, verified complaint, or otherwise, any violation of these standards.

2. The application for a temporary restraining order shall be denied.

■ 3. The Huntington Beach ordinance (H.B.M.C. section 12.32.010) is a constitutional exercise of the police power on its face. *Tinsley v. Richmond* (1961) 202 Va. 707, 119 S.E.2d 488, app. dismissed 368 U.S. 18, 82 S.Ct. 137, 7 L.Ed.2d 86 (1961). *Shuttlesworth v. Birmingham* (1965) 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176. *In re Bodkin* (1948) 86 Cal.App.2d 208, 194 P.2d 588. *People v. Solomon* (1973) 33 Cal. App.3d 429, 108 Cal.Rptr. 867. See 3 A.L. R.3d 836, 840. This ordinance does not suffer the infirmity of ambiguity or punishing the poor [*Papachristou v. City of Jacksonville* (1972) 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110], or make mere suspicious circumstances a crime [*Palmer v. City of Euclid, Ohio* (1971) 402 U.S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98], or punish "annoying" conduct [*Coates v. Cincinnati* (1971) 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214]. Reasonable restrictions on the control of travel on public ways are clearly valid. *Cox v. Louisiana* (1965) 379 U.S. 536, 554, 85 S.Ct. 453, 464, 13 L.Ed.2d 471, 484. The ordinance validly penalizes persons who "hinder or obstruct unreasonably the free passage of pedestrians," after due warning. So limited to obstructive conduct, it is constitutionally valid. *LeFlore v. Robinson* (5 Cir. 1970) 434 F.2d 933, 949.

## ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER, DISMISSING PARTIES, AND SETTING TRIAL DATE

The court having heard and considered plaintiff's application for a temporary restraining order on November 28, 1978, at 10:00 a. m., David Paul Carpenter appearing as counsel for plaintiffs, and Gail Hutton, City Attorney of the City of Huntington Beach, by Robert C. Sangster, Deputy City Attorney, and William B. Sage, Police Legal Advisor, specially appearing as counsel for defendants, and based on the verified complaint, affidavits, points and authorities and other papers filed herein, arguments of the parties, and the findings of fact and conclusions of law entered this date, the court now orders that plaintiff's ex parte application for a temporary restraining order is hereby denied.

■ Further, the court finds on its own motion that the City of Huntington Beach, a municipal corporation of the State of California, and the Huntington Beach Police Department, a subdivision thereof, are not suable in this action, under 42 U.S.C. §§ 1983, 1985, or 1986, in that the action that is alleged to be unconstitutional is not shown to implement or execute a governmental custom or any policy statement, ordinance, regulation, or decision officially adopted and promulgated by the city. *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611. To the extent that plaintiffs allege that any official action was taken pursuant to Huntington Beach Municipal Code Section 12.32.010, alleged to be unconstitutional, no claim is stated, in that said ordinance on its face is a constitutional exercise of the police power, and there is no showing that it has been applied in an unconstitutional manner. Therefore the court lacks jurisdiction over the city and police department under 28 U.S.C. § 1343(3) and (4), and claims against the city and police department are dismissed with prejudice.

Pursuant to Federal Rule of Procedure 65(a)(2), the court orders the hearing on the final injunction, the class claims, and issue of certification as a class action, to be advanced and consolidated with the hearing of the application for preliminary injunction. Trial is set for January 8, 1979, Monday, at 9:30 a.m. for a two day trial. Plaintiffs' damage claims shall be bifurcated and tried at a later date to be set by the court.

On or before December 15, 1978, plaintiff shall serve and file any and all additional affidavits, points and authorities, and other papers in support of their application and claims. Defendants shall file responsive papers, objections, and other papers on or before January 3, 1979.