429 So.2d 822 (1983)
STATE of Florida, Appellant,
v.
Josh Leroy KEMP, Jr., Appellee.
No. 82-1582.
District Court of Appeal of Florida, Second District.
April 13, 1983.
*823 Jim Smith, Atty. Gen., Tallahassee, and Ann G. Paschall, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellee.
SCHEB, Judge.
The state charged Josh Leroy Kemp with loitering in violation of a county ordinance and with possession of a controlled substance. The trial court dismissed the loitering charge on the ground that the statute was unconstitutionally vague and then suppressed the fruit of the search incident to Kemp's arrest. We reverse.
After being charged with loitering outside a bar in Lee County on April 24, 1982, Kemp moved to dismiss the charge on the ground that the ordinance under which he was charged was unconstitutionally vague and overbroad. He also filed a motion to suppress the cocaine seized from his person by the police incident to his arrest.
Kemp was charged with violating Lee County Ordinance 84-2, section 3, which provides:
It shall be unlawful for any persons, after first being warned by a law enforcement officer, or where a "no loitering" sign or signs have been posted, to loiter, stand, sit or lie in or upon any public or quasi-public sidewalk, street, curb, crosswalk, walkway area, mall or that portion of private property utilized for public use, so as to hinder or obstruct unreasonably the free passage of pedestrians or vehicles thereon; nor shall any person block or obstruct, or prevent the free access to the entrance to any building open to the public.
After hearing arguments on the defendant's motions, the trial judge referred to the above section of the ordinance and commented:
This section provides for either a verbal warning or that a "no loitering" sign be posted. The Ordinance makes no reference as to the size of sign or the placement of the sign; and in this case there was no verbal warning given. This particular section fails to give a person of ordinary intelligence fair notice that his conduct is a crime.
With that, the court granted Kemp's motion to dismiss on the ground that the ordinance was vague and thus unconstitutional. Further, the court ruled that the search *824 incident to Kemp's arrest was illegal and suppressed the cocaine. The state filed this appeal.
At the outset, we observe that many traditional ordinances proscribing loitering and vagrancy have been struck down because of vagueness and overbreadth, see State v. Ecker, 311 So.2d 104 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975), and it is now clear that loitering ordinances may not be applied as a catchall for vaguely undesirable conduct. Patmore v. State, 383 So.2d 309 (Fla. 2d DCA 1980). Yet it is also recognized that if a statute proscribes loitering which threatens public safety or a breach of the peace, the ordinance can withstand constitutional attack. Ciccarelli v. City of Key West, 321 So.2d 472 (Fla. 3d DCA 1975).
The ordinance here is substantially similar to that discussed in Jobson v. City of Huntington Beach, 462 F. Supp. 774 (C.D. Cal. 1978).[1] The Jobson court upheld that ordinance as a constitutional exercise of the government's police power. The court reasoned that the ordinance did not suffer the infirmity of ambiguity, and was not designed to punish the poor, or make mere suspicious circumstances a crime, or punish "annoying" conduct. Rather, the court concluded that the ordinance validly penalized persons who "hinder or obstruct unreasonably the free passage of pedestrians," after due warning. 462 F. Supp. at 777. As limited to obstructive conduct, the court upheld that ordinance as constitutionally valid.
We agree with the holding in Jobson and find that the ordinance in the present case is also constitutionally valid.
Several factors support our conclusion. First, the Lee County Ordinance does not give the police unfettered discretion, which might have encouraged arbitrary enforcement. Rather, it limits enforcement to any unreasonable hindrance of pedestrians or vehicles, thus representing a targeted effort by the county to control conduct which justifiably warrants concern. Second, unlike traditional vagrancy and loitering ordinances, this ordinance does not purport to penalize a person's status or past conduct. Third, the ordinance does not contain a catchall provision, which would cause problems of vagueness or overbreadth. See Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). Finally, we think the ordinance provides for reasonable notice to the public of the conduct it proscribes by requiring either a prior warning by a law enforcement officer or a posting of a "no loitering" sign.
Thus, we think the court erred in declaring Ordinance 84-2, section 3, facially invalid. The trial court's order demonstrates its concern for lack of specificity in the communication elements of the ordinance. However, we think the fact that the Lee County Ordinance does not refer to the size or placement of the sign is not a basis for declaring it facially unconstitutional. Of course, just as a "prior warning" by a law enforcement officer must be adequately communicated, the "no loitering" sign alternative must also fulfill that function. The ordinance must be read as requiring a readable sign which is prominently displayed in the area where loitering is prohibited.
We hold that Lee County Ordinance 84-2, section 3, is constitutional on its face. Since the trial court declared the ordinance unconstitutional on its face, it did not reach the question of whether it was unconstitutionally applied or whether there was probable cause for defendant's arrest. On remand, should the defendant be found not guilty of loitering, the court must still determine *825 if the officer had probable cause to arrest the defendant. If so, the search incident to arrest was justified. See Canney v. State, 298 So.2d 495 (Fla. 2d DCA 1973), cert. denied, 310 So.2d 743 (Fla.), cert. denied, 423 U.S. 892, 96 S.Ct. 188, 46 L.Ed.2d 123 (1975). Since the suppression order was based solely on the premise of an arrest under an illegal ordinance, we must vacate that order.
Accordingly, we reverse the dismissal of the loitering charge, vacate the order suppressing the fruit of the search, and remand for further proceedings consistent with this opinion.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] The ordinance construed in Jobson reads as follows:

No person, after first being warned by a law enforcement officer, or where a sign or signs have been posted in accordance with this chapter, shall loiter, stand, sit or lie in or upon any public or quasi-public sidewalk, street, curb, crosswalk, walkway area, mall or that portion of private property utilized for public use, so as to hinder or obstruct unreasonably the free passage of pedestrians thereon; nor shall any person block or obstruct, or prevent the free access to the entrance to any building open to the public.
462 F. Supp. at 776.