## STATE OF FLORIDA v SMITH; STATE OF FLORIDA v RIDDLE; STATE OF FLORIDA v RAZIEN; and STATE OF FLORIDA v RIVERS (Consolidated)

### Case No. 85-1749-MO-A-41 (Consolidated)

County Court, Monroe County

January 31, 1986

### APPEARANCES OF COUNSEL

**Derrick Sheridan,** Assistant Public Defender, for defendants.
**David Audlin,** Assistant Public Defender, for defendants.
**Laura S. Leve,** Assistant State Attorney, for plaintiff.
**Steve Stitt,** Acting City Attorney, for the City of Key West, Florida.

### OPINION OF THE COURT

RICHARD G. PAYNE, County Judge.

The above styled cases came on to be heard upon consolidated Motions to Dismiss each arguing the facial unconstitutionality of Ordinance 22-7 of the City of Key West, Florida, the so called "Sleeping in the Public Ordinance."

### *THE ORDINANCE*

Sec. 22-7. Sleeping in public.

It shall be unlawful for any person to:

(a) Be found asleep on any of the streets, sidewalks or other public places of the city or upon the private property of another without the consent of the owner.

(b) Be found asleep in a motor vehicle parked on any of the streets, sidewalks, or other public places of the city or upon the private property of another without the consent of the owner, and sleeping in such parked motor vehicle is hereby declared a nuisance and detrimental to the welfare of the residents of the city.

## THE OFFENSE

Defendant Smith was caught sleeping on a park bench situated next to Eckerd's Drug Store at 11:25 p.m., Defendant Riddle was apprehended sleeping on the roof of a building at Singleton Docks at 7:00 a.m., Defendant Razien was arrested for sleeping on a bench located in front of a store at 9:00 a.m. and Defendant Rivers was nabbed sleeping on a boat pier at Mallory Square Docks at 8:00 a.m.

## THE LAW

In the 1973 decision of the Second District Court of Appeals of Florida in *State v. Penley,* reported at 276 So.2d 180, cert. den. 281 So.2d 504 (Fla. 1973), it was held that the sleeping in public ordinance of the City of St. Petersburg was unconstitutional as being void due to vagueness in that it failed to give a person of ordinary intelligence fair notice that his contemplated conduct was forbidden by the ordinance. This ordinance reads as follows:

"No person shall sleep upon or in any street, park, wharf or other public place."

As can be readily discerned, the St. Petersburg ordinance is essentially an identical twin of paragraph (a) of the City of Key West ordinance under scrutiny.

To quote the District Court in *Penley,* the three problems with the St. Petersburg ordinance were that the ordinance (1) "draws no distinction between conduct that is calculated to harm and that which is essentially innocent," (2) "is void due to its vagueness, in that it . . . fails to give a person of ordinancy intelligence fair notice that his contemplated conduct is forbidden" and (3) "may result in arbitrary and erratic arrest and convictions." (at page 181)

In the case of *City of Pompano Beach v. Capalbo,* 455 So.2d 468, cert. den. 461 So.2d 113, the District Court of Appeal of Florida, Fourth District citing *Penley,* supra, struck down an ordinance enacted

14

by the City of Pompano Beach which prohibited sleeping in vehicles. The Pompano Beach ordinance reads as follows:

"It shall be unlawful for any person to lodge or sleep in, on, or about any automobile, truck, camping or recreational vehicle or similar vehicle in any public street, public way, right of way, parking lot or other public property, within the limits of the city."

This ordinance is strikingly similar to paragraph (b) of the City of Key West ordinance. The District Court was clear to point out that the constitutional infirmity of the Pompano Beach ordinance came only from the use of the term "sleep in" and not from the use of the word "lodge" as it would be within the constitutional ambit of the city to prohibit the use of one's vehicle as a place of lodging. The District Court in *Capalbo* discussed the problem with the ordinance which this Court adopts as applicable to describe the constitutional problems with section (b) of the Key West ordinance.

"In the instant case, the subject ordinance gives ample notice of the conduct that is proscribed, yet is void for vagueness because it leaves in the unbridled discretion of the police officer whether or not to arrest one asleep in a motor vehicle on a public street or way or in a parking lot. A wide range of persons may violate the sleep-in-the-vehicle statute, from the tired child asleep in his car-seat while a parent drives or while the car is parked, to the alternate long-distance driver asleep in the bunk of a moving or parked tractor-trailer, to the tired or inebriated driver who has taken widely disseminated good counsel and chosen to go to sleep in his parked car rather than take his life or others' lives in his hands, to the latterday Okie who has made his jalopy his home. The officer encountering these varied situations is left free to decide for himself whether to enforce the ordinance." (at page 470)

In October of 1985 the United States Supreme Court refused to review the opinion in *Capalbo*, thus allowing the opinion of the District Court to stand. (U.S. cert. denied 106 S.C. 80)

### FUTURE GUIDANCE

It is clear that Ordinance 22-7 of the City of Key West, Florida cannot withstand the test of constitutional scrutiny for the reasons set forth in the aforesaid decisions which this Court is persuaded must be followed.

By way of guidance for future legislative efforts it is important to note that the Pompano Beach Ordinance set forth in this opinion would pass constitutional muster by the deletion of the words "or sleep

**15**

in". In a similar vein, the Second District Court of Appeals of Florida in the reported decisions of *State v. Kemp*, 429 So.2d 822 (Fla. 2d DCA 1983) found constitutional an ordinance of Lee County, Florida which read as follows:

> "It shall be unlawful for any persons, after first being warned by a law enforcement officer, or where a "no loitering" sign or signs have been posted, to loiter, stand, sit or lie in or upon any public or quasi-public sidewalk, street, curb, crosswalk, walkway area, mall or that portion of private property utilized for public use, so as to hinder or obstruct unreasonably the free passage of pedestrians or vehicles thereon; nor shall any person block or obstruct, or prevent the free access to the entrance to any building open to the public."

The premises considered, it is

ORDERED and ADJUDGED that the consolidated Motions to Dismiss are granted and each defendant is discharged from answering thereto.

Ordinance 22-7, in its entirety, is hereby declared unconstitutional and null and void.