# CITY OF POMPANO BEACH v WRIGHT
## Case No. 88-022AC
Seventeenth Judicial Circuit, Broward County

April 5, 1988

### APPEARANCES OF COUNSEL

**Philip J. Montante, Jr.** for appellant.

**Johnny L. McCray, Jr.** for appellee.

### OPINION OF THE COURT

LEROY H. MOE, Circuit Judge.

Appellant seeks review of the granting by the County Court of Appellee's Motion to Dismiss. This court has jurisdiction pursuant to Article V of the Constitution of the State of Florida.

Appellee was charged by Municipal Information with violating the City of Pompano Beach municipal code, Section 132.12(B), (D) and (G). The municipal information charged that appellee did commit the offense of disorderly conduct.

Responding to the area of 300 N.W. 14th Street for reason(s) unknown, Pompano Beach police officer Michael Clark and other officers observed Appellee, who could not give a reasonable reason for being there. The area is a well-known drug trafficking area. The Appellee lives in the Northwest part of the city, but not in the immediate area. The officers have made drug arrests in the N.W. 14th Street area on several other occasions and also have warned several people, including the Defendant, that it is a violation of City ordinance to loiter for the purpose of illegal activity. The Defendant was warned twice previously of a potential arrest should he violate this ordinance. A week prior to his May 8, 1986 arrest in this case, the Appellee was arrested at the same location for possession of cocaine.

After being arrested for disorderly conduct, the Appellee was taken to jail and subsequently charged with the commission of acts which allegedly violated the aforesaid municipal ordinance. Appellee filed a Motion to Dismiss on the grounds that the subject ordinance is unconstitutionally overbroad, vague and susceptible to arbitrary and selective enforcement. The trial court granted Appellee's motion, holding the subject ordinance unconstitutional on its face.

This Court, having reviewed the record established in the trial court and Appellant's contentions, hereby adopts the trial court's well-written and well-reasoned Order of Dismissal. The said order reads in pertinent part as follows:

> There is a presumption that the City of Pompano Beach disorderly conduct ordinance is constitutional because a municipal council like the legislature would not knowingly enact an unconstitutional measure. *Kass v. Lewin,* 104 So.2d 572 (Fla. 1958). A statute will be held to be void for vagueness if it fails to give a person of ordinary intelligence fair notice that his conduct is forbidden by statute, *United States v. Harris,* 374 U.S. 6123 (1953), or if it encourages arbitrary and erratic arrests and convictions, *Papachistou v. Jacksonville,* 405 U.S. 156 (1972), *Thornhill v. Alabama,* 310 U.S. 88 (1939).
>
> Florida courts have adopted the ordinary intelligence fair notice standard in *Ciccarelli v. City of Key West,* 321 So.2d 472 (Fla. 3d DCA 1975), involving a municipal ordinance which prohibited loitering if it impeded or tended to impede passage. This ordinance violated Defendant's constitutional rights of peaceable assembly and due process in that the ordinance did not contain restrictive standards which would limit its application to impediments to passage that threaten public safety or a breach of the peace. In *Ciccarelli,* the court stated that a law denies due process guaranteed by the

**115**

Fourteenth Amendment of the United States Constitution if it is so vague that a person of ordinary intelligence is not put on notice of the conduct which is prohibited or if the law is so overbroad that it makes common conduct criminal and provides the police with unfettered discretion to arrest. In *State v. Ecker,* 311 SO.2d 102 (Fla. 1975), the Florida Supreme Court recognized that if a statute broadly proscribed loitering or idling, without more, it would be unconstitutional. A statute that proscribes loitering that threatens public safety or a breach of the peace can withstand constitutional attack. Id. The court held that Section 856.021 *Florida Statutes* was not vague or overbroad and adopted the words of the United States Supreme Court in *Terry v. Ohio,* 392 U.S. 1 (1968), " '. . . the police officer must be able to point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant' a finding that a breach of the peace is imminent or the public safety is threatened. The words 'under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity' found in Section 856.021 mean those circumstances where peace and order are threatned or where the safety of persons or property is jeopardized". Therefore, if a law proscribes loitering which threatens public safety or breach of peace and does not contain a catchall provision, it can withstand constitutional attack. *State v. Kemp,* 429 So.2d 822 (Fla. 2d DCA 1983). Loitering ordinances may not be applied for vaguely undesirable conduct. *Patmore v. State,* 383 So.2d 309 (Fla. 2d DCA 1980).

In the case at bar, Section 132.12(B), Pompano Beach City Ordinance is devoid of any language whatsoever proscribing loitering which threatens public safety or breach of peace. The language "collect in bodies or crowds for any purpose to the annoyance or disturbance of other persons or for any unlawful purpose" is the initial source of the ordinance's constitutional infirmity. Operative language may not be regarded as surplusage. *City of Pompano Beach v. Capalbo,* 455 So.2d 468 (Fla. 4th DCA 1984), Section 132.12(B) lends itself to arbitrary enforcement, is vague and overbroad. It makes common conduct criminal and provides the police with unfettered discretion to arrest. It is invalid on its face as violating constitutional rights of due process, speech, free assembly and association. U.S. Const. Amends. 1, 14 and Fla. Const. Art. I, Section 4, 5, 9, Declaration of Rights. For a similar unconstitutional ordinance see *Coates v. City of Cincinnati,* 402 US 611 (1971). In *Coates,* a Cincinnati ordinance made it a criminal offense for

116

". . . three or more persons to assemble . . . on any of the sidewalks . . . and there conduct themselves in a manner annoying to persons passing by . . .".

Turning to Section 132.12(D), Pompano Beach City Ordinance omits the words "under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity" as found in Section 856.021 Florida Statutes. Section 132.12(D) is also devoid of language proscribing loitering which threatens public safety or breach of peace and runs afoul of the holding in *State v. Ecker, supra*. This section gives police officers unfettered discretion and encourages arbitrary enforcement. It is a catchall provision for proscribed conduct common to many law abiding persons found around any dock, railroad depot, bank, auction room, barroom, hotel, store shop, car, thoroughfare, public conveyance, public building, private dwelling house or public place! Accordingly, Section 132.12(D) is vague and overbroad and thus unconstitutional [sic.] on its face as violating rights of due process, speech, free assembly and association. U.S. Const. Amends. 1, 14 and Fla. Const. Art. I, Section 4, 5, 9, Declaration of Rights.

With respect to Section 132.12(G), Pompano Beach City Ordinance, that portion of the law which states ". . . Any person who refuses, when commanded by a police officer of the city to leave the public place immediately, shall be deemed to be a disturber of the peace" is another source of constitutional infirmity. There is no language in the law tying together or showing a nexus between merely being present and commanded to leave by the police and the words "while in any public place, do any act or create any condition which does or it calculated to encourage, aid, abet, or start a riot, public disorder, or disburance of the peace". The ordinance as written permits any police officer to order anybody to leave any public place for any reason or be subject to arrest for disturbing the peace. The Defendant, Daniel Wright, was in fact arrested in the instant case in large part because he didn't leave a public area when he was told to by the police. For a definition of the terms "disorderly conduct" and "breach of the peace" see *City of St. Petersburg v. Calbeck,* 114 So.2d 316 (Fla. 2d DCA 1959). Section 132.12(G) is susceptible to arbitrary and discriminatory enforcement because it is so vague and overbroad that it makes common conduct criminal, prohibits inoffensive as well as offensive conduct, provides the police with unfettered discretion, and invades the constitutional rights of due process, speech, free assembly and association. The ordinance is unconstitutionally defective on its face and as applied to the Defendant. U.S.

**117**

Const. Amends. 1, 14, and Fla. Const. Art I, Section 4, 5, 9, Declaration of Rights.

For the reasons enunciated herein, the order of the court below is AFFIRMED as to the dismissal of the charges made pursuant to Pompano Beach Municipal Code Section 132.12(B), (D) and (G).

Done and Ordered April 6, 1988.