## MARSDEN v CITY OF ORLANDO

Case No. CJAP 86-41 (MO86-4107)

Ninth Judicial Circuit, Orange County

September 11, 1989

### APPEARANCES OF COUNSEL

**Peter Cushing,** for appellant.

Office of the City Prosecutor, for appellee.

### OPINION OF THE COURT

WALTER KOMANSKI, Circuit Judge.

### ORDER OF REHEARING AND/OR CLARIFICATION

THE COURT having reviewed the City of Orlando's Motion for Rehearing and/or Clarification and the Appellant's response hereby grants the City's Motion for Clarification and enters this order as the Court's Amended Final Order.

### AMENDED FINAL ORDER REVERSING ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court on direct appeal by Appellant from the Judgment and Sentence imposed upon WILLIAM FLOYD

MARSDEN by the County Court, Orange County, Florida on or about August 15, 1986. The parties have essentially agreed upon the statement of the case and the facts which show that Mr. Marsden was arrested on May 23, 1986, and charged with a violation of Municipal Ordinance 18A.09(o) promulgated by the City of Orlando, Orange County, making it an offense to:

§ 18A.09 Prohibited Activities in Parks

(o) Sleep or otherwise be or remain in any bushes, shrubs, or other foliage.

Prior to trial, Defense counsel filed a Motion to Dismiss pursuant to Florida Rule of Criminal Procedure 3.190(b) alleging that the Municipal Ordinance in question was unconstitutional under the Fourteenth Amendment to the United States Constitution because it is overly broad, makes common conduct criminal, and provides the police with unfettered discretion to arrest. Additionally, the Ordinance is attacked as being unconstitutional as written because it could result in arbitrary and erratic arrest and convictions. Defense counsel also moved pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) alleging by sworn affidavit that on the date of Defendant's arrest there were many individuals walking through the park in the area of bushes, shrubs, or foliage, but there are no signs visible to the general public warning them that they are subject to arrest for being in the area of any bushes, shrubs, or foliage. The Defendant further alleged in his sworn Motion that he did not engage in any homosexual activities in the park nor did he have the intention of engaging in homosexual activities or other illegal acts. The City of Orlando filed a demurrer pursuant to Florida Rule of Criminal Procedure 3.190(d) and stated that the Defendant was in fact not charged with any homosexual or indecent conduct and that the City was under no obligation to post all possible violations in a place where violators can see them.

On or about August 15, 1986, the Orange County Court denied Defendant's Motion to Dismiss and sustained the Municipal Ordinance in question as constitutional and as being a rational exercise of the police power and not unconstitutionally over broad by its Order dated August 15, 1986. Thereafter the Defendant entered a plea of Nolo Contendre specifically reserving for appeal purposes the dispositive issue regarding whether the Statute is unconstitutional on its face and as it applies to this particular Defendant under these particular circumstances. The sentence awarded by the Court was a One Hundred Dollar, ($100.00), fine, and sixty (60) days unsupervised probation with the condition that the Defendant remain out of all City parks. The

4

Defendant was also adjudicated guilty on the offense. Defendant filed a timely Notice of Appeal on September 2, 1986, and has standing to raise the legal issues herein.

This Court has jurisdiction pursuant to Article V, Section 5(b), Florida Constitution and Florida Rule of Appellate Procedure 9.030(c)(1)(b).

The City of Orlando Municipal Ordinance 18.09(o) essentially makes it a crime to simply "be or remain in any bushes, shrubs, or other foliage" in its parks. The Ordinance does not address specific conduct which the City has a right to regulate such as camping as was found to be permissible in *Watson v Lawson L. Larmar,* CI81-10031. In the *Watson,* case, camping was not prohibited absolutely but was regulated and limited. The language of an ordinance which regulates or limits activity can often withstand constitutional scrutiny; however, the power to restrain and regulate does not include the power to prohibit an activity which is not a nuisance per se. *Carter v Town of Palm Beach,* 237 So.2d 130, (Fla. 1980). Similarly, since the ordinance in question prohibits one from sleeping or *BEING OR REMAINING IN ANY BUSHES, SHRUBS, FOLIAGE."* (emphasis added) in the park and does not contain any limiting language the Statute is over broad and not artfully drafted to prescribe a specific evil which the City of Orlando would certainly have had the power to prescribe. *City of Pompano Beach v Capablo,* 455 So.2d 468 (4th DCA 1984).

The only limiting aspect of the Ordinance in question is geographic in nature in that it only applies to parks owned by the City of Orlando. Indulging in every reasonable presumption of constitutional validity is insufficient to sustain the Ordinance because it is so vague that a person of ordinary intelligence is not put on notice of the conduct which is prohibited, ordinary innocent conduct is made criminal and the police are provided unfettered discretion to arrest both law abiding men, women, and children who may stray into bushes or foliage in a City park and those who are prone to or engaging in criminal activity. *Ciccarelli v The City of Key West,* 321 So.2d 472 (3d DCA 1975), *State v Penley,* 276 So.2d 180 (2d DCA 1973), *cert. denied,* 281 So.2d 504, (Fla. 1973).

Although the Court is aware that there are conduct related problems that the City of Orlando needs to regulate, the conduct regulated in this Ordinance is vague, overbroad, and facially unconstitutional. It should be noted that the City has alternative means of arresting those who engage in illegal conduct. Laws directed at indecent exposure, homosexual activity, other sexual acts in public, the drug laws, trespass

5

laws in posted areas, and laws concerning property and violent personal offenses all remain available and are utilized to arrest and convict the guilty.

The question arises as to what conduct constitutes "being in any bushes, shrubs or other foliage." Does walking through a heavily wooded area meet this criteria? Does standing among six inch shrubs on a mulched area two feet from a concrete sidewalk violate this ordinance? Does a couple having a picnic on the lake with shrubs at their back and two sides violate this law? Do children at the playground violate it by playing hide and seek in and out of the trees and foliage? What does it mean to "remain in any bushes, shrubs or other foliage?" If citizens are moving and not "remaining" are they exempt from this ordinance?

Parks may have different terrain characteristics from each other. Thus, one park may be formal and heavily landscaped and another left natural and rugged. One may have clearly marked areas for our citizens to use and another no such demarcation. It might be abusive in one park to leave the sidewalk, thereby trampling the flora. Another park may fairly invite exploration or hiking by the very nature of its topography. Thus, our citizens are left at a disadvantage by this city ordinance to figure out what conduct is prohibited. If the city wishes to limit the use of its parks then it may post those areas so as to give notice to those who may wish to use them.

The reality is that this is an ordinance broadly written in order that those with arrest authority might take into custody anyone whom they decide constitutes an unwanted intrusion into the bushes, shrubs, or foliage of the City's parks. The question of unconstitutional application does arise but needs not to be addressed due to this Court's ruling that this Ordinance is fundamentally constitutionally defective as vague and over broad.

THEREFORE, the Motion to Dismiss entered on August 15, 1986 is hereby REVERSED. Further, the Judgment and Sentence of the Trial Court is REVERSED and set aside and the Defendant is discharged therefrom. Defendant may recover costs pursuant to F.S. 939.06.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida 32801, this 11th day of September, 1989.