On June 21, 1992, at approximately 10:15 p.m., two City of Montgomery police officers saw the appellant, Leslie Wayne Horn, sleeping in his motor vehicle, which was parked at the curb on a public street in a residential section of the City of Montgomery. He was arrested and charged with violating City of Montgomery municipal ordinance number 29-59. The warrant of arrest filed in the municipal court charged him specifically with "sleeping or loitering in or on a motor vehicle." This ordinance provides as follows:
 "It shall be unlawful for any person to sleep in or on a motor vehicle or loiter in or about such motor vehicle while the same is parked on a public street, avenue or alley in the city or while the same is parked on the premises of another person in the city, without first obtaining permission from the owner, occupant or custodian of such premises."
After trial in municipal court, the appellant was found guilty and was fined $61 and ordered to pay court costs. He appealed to the Circuit Court of Montgomery County for a trial de novo. He waived trial by jury in the circuit court and, after a *Page 950 
bench trial, was again found guilty and was fined $61 and costs of court. He appeals, raising two issues. He contends that the ordinance is facially unconstitutional because of vagueness and that the manner of its enforcement denies him equal the protection of the law guaranteed by the Sixth Amendment to the United States Constitution. The issues raised were properly preserved for review by a timely motion for a judgment of acquittal.
Before beginning our discussion of the issues, an analysis of the ordinance is in order. We note that the ordinance proscribes four kinds of conduct, i.e., sleeping in a parked motor vehicle on a public street, avenue, or alley; sleeping in a motor vehicle on the premises of another without that person's permission; loitering in or about a motor vehicle on a public street, avenue, or alley; and loitering in or about a motor vehicle on the premises of another without that person's permission. While the arrest warrant and affidavit alleges that the appellant was "sleeping or loitering in or on a motor vehicle" on a public street, the complaint charges only "sleeping in vehicle," and the record shows that the sole reason for the appellant's arrest was that he was sleeping in the vehicle. There was no testimony presented concerning loitering. We will, therefore, confine our opinion solely to that portion of the ordinance concerning the prohibition against sleeping in a motor vehicle while on a public street, and we will express no opinion as to the constitutionality of the remainder of the ordinance.
The appellant argues that the ordinance is unconstitutional on its face because it is so vague and lacking in standards as to compel men of ordinary intelligence to guess at its meaning, and that it thus violates the fair notice requirements of the Due Process Clause of the United States Constitution and the Alabama Constitution. He also argues that the ordinance violates his rights under the Equal Protection Clause because it places unfettered discretion as to whether to enforce the ordinance in the hands of the Montgomery police.
"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858,75 L.Ed.2d 903 (1983). See also Colautti v. Franklin,439 U.S. 379, 390, 99 S.Ct. 675, 683, 58 L.Ed.2d 596 (1979);Papachristou v. Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839,843, 31 L.Ed.2d 110 (1972); Hershey v. City of Clearwater,834 F.2d 937 (11th Cir. 1987); City of Pompano Beach v. Capalbo,455 So.2d 468 (Fla.Dist.Ct.App. 1984), cert. denied,461 So.2d 113 (Fla. 1985), cert. denied, 474 U.S. 824,106 S.Ct. 80, 88 L.Ed.2d 65 (1985); State v. Penley, 276 So.2d 180 (Fla. Dist. Ct. App.), cert. denied, 281 So.2d 504 (Fla. 1973). "This appears to be especially true where the uncertainty induced by the statute threatens to inhibit the exercise of constitutionally protected rights." Colautti v. Franklin,439 U.S. at 391, 99 S.Ct. at 683.
In Kolender v. Lawson, the Supreme Court indicated that a statute that permits arbitrary enforcement can be void for vagueness even if it provides sufficient notice of the conduct it prohibits. Id., 461 U.S. 352-53, 103 S.Ct. 1855-56,75 L.Ed.2d 903. The Court stated:
 "Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of the vagueness doctrine 'is not actual notice, but the other principal element of the doctrine — the requirement that a legislature establish minimal guidelines to govern law enforcement.' Smith [v. Goguen, 415 U.S. 566, 574
[94 S.Ct. 1242, 1248, 39 L.Ed.2d 605] (1974)]. Where the legislature fails to provide such minimal guidelines, a criminal statute may permit 'a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.' Id. at 575 [94 S.Ct. at 1248]."
Kolender v. Lawson, 461 U.S. at 357-58, 103 S.Ct. at 1858-59
(footnote omitted). The Kolender Court, in holding a state *Page 951 
statute unconstitutionally vague, stated that its holding "rests on our concern for arbitrary law enforcement and not on the concern for lack of actual notice." Id. at 358,103 S.Ct. at 1859.
The portion of the ordinance under consideration in the instant case makes no distinction between conduct that is calculated to harm and that that is essentially innocent. It provides punishment for unoffending behavior and makes criminal activities that are normally considered innocent. In this sense, it is similar to vagrancy ordinances, which have been held to be unconstitutional. See Shuttlesworth v. City ofBirmingham, 43 Ala. App. 68, 180 So.2d 114 (1965). The portion of the ordinance in question here, as written may result, and did result in the instant case, in its enforcement being subject to the unfettered discretion of the police officers. The arresting officer in this case testified that he exercised his discretion in making arrests for violations of the ordinance. The record shows the following:
 "A. [arresting officer]: . . . You can arrest someone and lock them up for that, but under certain circumstances, some officers if you are near home or if you are able to drive yourself home and you just fell asleep because you are fatigued, they will let you continue on home.
 "Q. [defense counsel]: So I want to get back to my original question. Just because you are asleep is not sufficient; is that correct? That's your enforcement. If somebody is asleep, that alone is not sufficient? Is that what you have told the Court?
 "A. No, sir. It is sufficient by the law that if he is sleeping in a motor vehicle, I could. But under what I understand as being the law, if I felt that he personally could get himself home, because, like I said, you have times where you fall asleep because you are tired, you are overworked; same thing with me. So I would overlook the situation toward the fact that he pulled over. He had enough courtesy to pull over and stop his car and cut it off and go to sleep. I would check on his well-being, as I did with the defendant there. I checked on his well-being. If he was not, I felt, personally drunk, I would have let him continue on home or whatever in his own vehicle. But I felt he couldn't take care of himself.
 "Q. But he was asleep. He wasn't hurting anybody at that point, was he?
"A. Not that I know of, sir.
"Q. Was he properly parked?
"A. Yes, sir.
 "Q. So it is compatible with the fact that he was properly parked and fell asleep; is that correct?
"A. Yes, sir.
 "Q. But just standing alone even though the Code says it shall be unlawful for any person to sleep in their vehicle on a public street, that standing alone is not sufficient for you to arrest somebody and lock them up; is that correct, because it is within your discretion? You could do it, but you don't do it?
"A. It depends on the situation, sir."
Numerous situations could arise that would be essentially innocent — such as a driver pulling over to the curb and parking because he was too sleepy, too ill, or too tired to drive. The arresting officer recognized this possibility and admitted that he and other officers believed that they were free to decide whether to enforce the ordinance in those cases. The vagueness of the ordinance encourages arbitrary and discriminatory enforcement.
For the reasons stated above, we hold that the portion of ordinance number 29-59 of the City of Montgomery, making it unlawful for a person to sleep in or on a motor vehicle while the same is parked on a public street, avenue, or alley is void due to its vagueness in that it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden, and because it encourages arbitrary and discriminatory arrests and convictions. Therefore, the conviction is due to be, and it is hereby, reversed, and a judgment is rendered in favor of the appellant.
REVERSED AND JUDGMENT RENDERED.
TAYLOR and McMILLAN, JJ., concur. *Page 952 
BOWEN, P.J., dissents with opinion.
MONTIEL, J., joins in the dissent.