## PALMER *v.* CITY OF EUCLID, OHIO

No. 143.   Argued January 11, 1971—Decided May 24, 1971

*Niki Z. Schwartz* argued the cause for appellant. With him on the brief was *Joshua J. Kancelbaum.*

*David J. Lombardo* argued the cause for appellee. With him on the brief was *William T. Monroe.*

PER CURIAM.

Appellant Palmer was convicted by a jury of violating the City of Euclid's "suspicious person ordinance," that is, of being

> "[a]ny person who wanders about the streets or other public ways or who is found abroad at late or unusual hours in the night without any visible or lawful business and who does not give satisfactory account of himself."

He was fined $50 and sentenced to 30 days in jail. The County Court of Appeals affirmed the judgment and appeal to the Supreme Court of Ohio was dismissed "for

the reason that no substantial constitutional question exists herein." We noted probable jurisdiction. 397 U. S. 1073 (1970).

We reverse the judgment against Palmer because the ordinance is so vague and lacking in ascertainable standards of guilt that, as applied to Palmer, it failed to give "a person of ordinary intelligence fair notice that his contemplated conduct is forbidden . . . ." *United States* v. *Harriss,* 347 U. S. 612, 617 (1954).

The elements of the crime defined by the ordinance apparently are (1) wandering about the streets or being abroad at late or unusual hours; (2) being at the time without visible or lawful business;* and (3) failing to give a satisfactory explanation for his presence on the streets. Palmer, in his car, was seen late at night in a parking lot. A female left his car and entered by the front door an adjoining apartment house. Palmer then pulled onto the street, parked with his lights on, and used a two-way radio. He was not armed. He said he had just let off a friend. He was then arrested. At the station he gave three different addresses for himself and said he did not know his friend's name or where she was going when she left his car. Palmer could reasonably be charged with knowing that he was on the streets at a late or unusual hour and that denying knowledge of his friend's identity and claiming multiple addresses amounted to an unsatisfactory explanation under the ordinance. But in our view the ordinance gave insufficient notice to the average person that discharging

---

*The ordinance seemingly requires a "business" purpose to be on the streets. But it seems irrational to construe the ordinance as permitting only visible and lawful commercial activities on the streets, thus in effect converting the ordinance into a curfew with exceptions for lawful commercial conduct. Neither the lower court nor appellee city suggests that the ordinance should be construed in this manner or that anyone would expect that it would be so construed.

a friend at an apartment house and then talking on a car radio while parked on the street was enough to show him to be "without any visible or lawful business." Insofar as this record reveals, everything appellant did was quite visible and there is no suggestion whatsoever that what he did was unlawful under local, state, or federal law. If his conduct nevertheless satisfied the being-without-visible-or-lawful-business element of the ordinance, as the state courts must have held, it is quite unreasonable in our view to charge him with notice that such would be the construction of the ordinance. "The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States* v. *Harriss, supra,* at 617; *Bouie* v. *Columbia,* 378 U. S. 347 (1964); *Wright* v. *Georgia,* 373 U. S. 284 (1963).

The judgment of the Supreme Court of Ohio is reversed.

*It is so ordered.*

MR. JUSTICE HARLAN concurs in the result.

MR. JUSTICE STEWART, with whom MR. JUSTICE DOUGLAS joins, concurring.

While I agree with the Court that Euclid's "suspicious person ordinance" is unconstitutional as applied to the appellant, I would go further and hold that the ordinance is unconstitutionally vague on its face.

A policeman has a duty to investigate suspicious circumstances, and the circumstance of a person wandering the streets late at night without apparent lawful business may often present the occasion for police inquiry. But in my view government does not have constitutional power to make that circumstance, without more, a criminal offense.