

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

November 14, 1972

Honorable Pat Beene
County Attorney
Fannin County Courthouse
Bonham, Texas   75418

Opinion No.   M-1262

Re: Constitutionality of a portion
of Section (g) of Article 11. 22,
Texas Education Code

Dear Mr. Beene:

You have requested an opinion of this office concerning the constitutionality of that portion of Section (g) of Article 11. 22, Texas Education Code, pertaining to election to the State Board of Education, and which reads as follows:

> ". . . It shall likewise be unlawful for <u>anyone</u>
> <u>interested in selling bonds of any type whatso-</u>
> <u>ever</u> to make a financial contribution to or
> take part in, directly or indirectly, the
> campaign of any person seeking election to
> the board.  Anyone convicted of violating the
> provisions of this subsection shall be punished
> as prescribed by the penal laws of this state. "
> (Emphasis added).

You also have asked two other questions which we do not reach in view of our conclusion that the challenged portion of the statute is unconstitutionally vague and overbroad and hence unenforceable.

Under the above statute "anyone interested in selling bonds of any type whatsoever" is expressly barred from exercising his political rights in the campaign of a candidate seeking election to the State Board of Education. Such infringements on the political rights of citizens must be "carefully and meticulously scrutinized," since "any unjustified discrimination in determining who may participate in political affairs or in the selection of

public officials undermines the legitimacy of representative government. "
Kramer v. Union Free School District, 395 U.S. 621, 626 (1969). In
this case, the Supreme Court held that the Equal Protection Clause of the
Fourteenth Amendment requires examination of such a statute to determine
whether those citizens excluded from political participation are in fact
substantially less affected than those the statute includes.

> "If the exclusions are necessary to promote
> the articulated state interest, we must then
> determine whether the interest promoted by
> limiting the franchise constitutes a compelling
> state interest." 395 U.S. 632.

From the language of the penal statute under consideration, it is
apparent that any citizen is excluded from the exercise of his political
rights if he is interested in selling bonds of another or if he owns any kind
or type of bonds himself, even municipal or government bonds, and is
interested in selling them. Thus, the class of such citizens is substantial,
indeed, and includes not only numerous persons who have, at best, a
remote and indirect interest in State Board of Education affairs but also
includes those who may have a distinct and direct interest in the Board
decisions. We are unable to justify such an overbroad and vague classi-
fication or statutory exclusion of citizens from the exercise of their
political rights. No compelling state interest can be found to support it.
Where a statute or ordinance is so vague as to be unenforceable because
lacking in an ascertainable standard of guilt, it will be held unconstitu-
tional. See Palmer v. Enclid, 91 S. Ct. 1563 (1971); City of Carmel-by-
the-Sea v. Young, 466 P. 2d 225 (Cal. Sup. 1970); Attorney General Opinion
No. M-1039 (1972).

We also observe that the term "anyone interested in selling bonds
of any type whatsoever" is ambiguous and taken literally would cover a
vast majority of the citizens. We find ourselves unable to supply, by
construction, any legally identifiable group with reasonable certainty
against which a criminal prosecution would be legally enforceable under
the legal standards required. The extent of interest and kind of interest
are left to speculation. The Supreme Court has declared that statutes
inflicting criminal penalties "must be so precise and unambiguous that

the ordinary person can know how to avoid unlawful conduct" and thus cannot be infected with vagueness. United States v. Sullivan, 332 U. S. 689 (1948); Musser v. Utah, 333 U. S. 95 (1948); Bouie v. Columbia, 378 U. S. 347 (1964). A statute inflicting criminal penalties will be sustained only if a reasonable and practical construction can be given to the legislative language which identifies the citizen concerned and gives fair notice of the practices to be avoided. See U. S. v. Harris, 347 U. S. 612 (1954); Chaplinsky v. New Hampshire, 315 U. S. 568 (1942); Boyce Motor Lines, Inc. v. United States, 342 U. S. 337 (1952).

Finally, the classification of persons excluded from political participation violates equal protection and the equality of law provisions of the Constitution because the classification is not reasonably related to the state interest to be protected and is therefore arbitrary and unreasonable, not being based on a real and substantial relation to the subject of legislation. 12 Tex. Jur. 2d 458, Constitutional Law, Sec. 111. There is no conceivable relationship or basis for barring citizens from participating in an election of a candidate for the State Board of Education simply because they are interested in selling government bonds or bonds of private entities which have no business or relationship with the discharge of the duties of the members of the State Board of Education. An undefined "interest" in the sale of any type of bonds is an insufficient legal criterion or standard upon which to base penal violations and is a potently overbroad and arbitrary classification.

Accordingly it is our opinion that the challenged portion of Section (g) of Article 11. 22, Texas Education Code, is unconstitutional and unenforceable.

### SUMMARY

That portion of Section (g) of Article 11. 22, Texas Education Code, which makes it unlawful and a penal violation for anyone interested in selling any bonds of any type from making a financial contribution or taking any part in the election campaign of any person seeking election to the State Board of Education is unconstitutional and unenforceable.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of the State of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gerald Ivey
Robert Flowers
Ben Harrison
Bob Lattimore

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant