Wanda McGHEE et al., Plaintiffs,

v.

The Honorable James I. MOYER, etc., et al., Defendants.

Civ. A. No. 73-C-30-R.

United States District Court, W. D. Virginia, Roanoke Division.

Sept. 12, 1973.

Robert D. Savard, The Legal Aid Society of Roanoke Valley, Roanoke, Va., for plaintiffs.

Edward A. Natt, Co. Atty., Salem, Va., for defendants.

## OPINION

TURK, District Judge.

This action has been brought by plaintiff pursuant to Title 28 U.S.C. § 1343(3) and (4) and Title 42 U.S.C. § 1983. Named as defendants to this action are the Honorable James I. Moyer, Judge of the Juvenile and Domestic Relations Court for the County of Roanoke, Virginia; Betty Lucas, Superintendent of the Roanoke County Public Welfare Department; and A. T. Huddleston, Mary Gregson, John W. Fox, and C. Lawrence Dodson, members of the Roanoke County Welfare Department Board; Nancy Burness, caseworker for the Roanoke County Welfare Department Board; Ruth A. Poole, Deputy Clerk for the Roanoke County Juvenile and Domestic Relations Court; and Michael Kavanaugh, Deputy Sheriff for the County of Roanoke. Plaintiff has asked that a three-judge court be convened pursuant to 28 U.S.C. § 2281 and § 2284 and that judgment be entered pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure declaring that Section 16.1–166 of the Virginia Code of 1950 to be violative of the Fourteenth Amendment to the Constitution of the United States. Plaintiff has also asked for injunctive relief and monetary damages. This action has been brought as a class action pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

The facts supporting this cause of action as set forth in plaintiff's complaint and not disputed by defendants may be briefly stated. Plaintiff, Wanda McGhee, is the mother of four minor children ranging from ages six to eleven. In January, 1973, Mrs. McGhee separated from her husband and went to live with her parents. Soon thereafter, two of her husband's relatives informed the Roanoke County Welfare Department that Mrs. McGhee's housing facilities were inadequate and that her children had impetigo.

On the basis of these allegations, Nancy Burness, a caseworker with the Roanoke County Welfare Department, filed four petitions in the Juvenile and Domestic Relations Court for the County of Roanoke describing each of plaintiff's children as one whose "condition or situation is alleged to be such that his welfare demands adjudication as to his disposition, control and custody." This quoted language was taken from the Code of Virginia of 1950 § 16.1–158 (1)(j), as amended (Supp.1973) which gives jurisdiction to Juvenile and Domestic Relations Courts in various situations including that quoted above.

Plaintiff's children did not come home from school on January 26, and upon inquiring of school officials as to their whereabouts she was informed that per-

sons from the Roanoke County Welfare Department had taken custody of her children. According to the complaint, Ruth A. Poole, Deputy Clerk for the Juvenile and Domestic Relations Court for Roanoke County, had accepted the petitions of the Welfare Department concerning the four children and had signed summonses and detention orders authorizing the seizure of her children.

Plaintiff further alleges that Michael Kavanaugh, Deputy Sheriff for the County of Roanoke, served the detention orders on her children which resulted in their removal from school and commitment to the Department of Welfare. On January 26, after she had called the school and learned that her children had been taken by the Welfare Department, plaintiff received copies of the court summons and detention orders. The summons repeated the language of the petitions filed, to wit: "within the said County of Roanoke said child's condition and/or situation is alleged to be such that his welfare demands adjudication as to his disposition, control and custody."

Plaintiff alleges that welfare officials refused to inform her of her children's whereabouts and refused her requests to visit her children. On February 21, 1973, plaintiff was served with notice of a hearing concerning the custody of her children set for March 14, 1973. The result of this hearing was that it was determined that plaintiff's children should not be returned to her.

## THREE-JUDGE COURT

Plaintiff contends that Section 16.1–166 of the Code of Virginia of 1950 violates the Fourteenth Amendment to the United States Constitution and that a three-judge court should be convened pursuant to 28 U.S.C. § 2281 for purposes of enjoining its operation. Plaintiff has also asked that a declaratory judgment be entered pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure declaring this statute unconstitutional.

The substance of plaintiff's constitutional claim is that Section 16.1–166 of the Virginia Code is violative of due process of law guaranteed by the Fourteenth Amendment because its vague and catch-all wording fails to provide a standard or guide for invoking the extraordinary remedy of summary seizure. This statute provides,

"After a petition has been filed and after such further investigation as the court directs, unless the parties hereinafter named voluntarily appear, the court shall issue a summons reciting briefly the substance of the petition or the charge upon which it is alleged that the child is within the purview of this law and requiring all proper or necessary persons to appear personally before the court at a time and place stated. If the person so summoned shall be other than a parent or guardian of a child, then the parent or parents or the guardian or both, if their address be known, shall be notified of the pendency of the case, the charge, and of the time and place appointed for the hearing.

If it appears that the child is in such condition or surroundings that his welfare requires or there is other good reason that his custody be immediately assumed by the court, the judge may order by endorsement upon the summons or other process issued that the officer serving or executing the same shall at once take the child into custody."

Title 28 U.S.C. § 2281 provides that an injunction restraining the operation or execution of any state statute shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of the statute unless the application is heard by a three-judge court. But the Supreme Court has construed this statute narrowly and has held that a single judge may refuse to convene a three-judge court if the constitutional

question offered as a basis of federal jurisdiction is insubstantial. Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). Thus the initial question before this court is whether plaintiff's claim that § 16.1–166 is unconstitutionally vague is substantial. The lack of substantiality "may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject." California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938).

Although the Supreme Court has not had occasion to consider the constitutionality of § 16.1–166 of the Virginia Code, this court is of the opinion that the contention that it is unconstitutionally vague is sufficiently without substance that it would be improvident to convene a three-judge court. It is helpful to put the statutory provision now being challenged in perspective. Before the judge may order that a child be taken into custody pursuant to § 16.1–166, the child must be within the jurisdiction of the court. Jurisdiction is fixed by § 16.1–158 of the Virginia Code of 1950, as amended, (Supp.1973), which provides in pertinent part:

"The judges of the juvenile court elected or appointed under this law shall be conservators of the peace within the corporate limits of the cities and the boundaries of the counties for which they are respectively chosen and within one mile beyond the corporate limits of such cities. Except as hereinafter provided, each juvenile and domestic relations court shall have, within the limits of the territory for which it is created, exclusive original jurisdiction, and within one mile beyond the corporate limits of said city, concurrent jurisdiction with the juvenile court or courts of the adjoining county or counties over all cases matters and proceedings involving:

(1) The custody, support, control or disposition of a child:

(a) Whose parent or other person legally responsible for the care and support of such child is unable, or neglects or refuses when able so to do, to provide proper or necessary support, education as required by law, or medical, surgical or other care necessary for his well being;

(b) Who is without proper parental care, custody or guardianship;

(c) Who is abandoned by his parent or other custodian;

(d) Whose parent or parents or custodian for good cause desire to be relieved of his care and custody;

(e) Whose custody or support is a subject of controversy; provided, however, that in such cases jurisdiction shall be concurrent with and not exclusive of courts having equity jurisdiction, as provided in § 16.1–161 hereof;

(f) Whose occupation, behavior, environment, condition, association, habits or practices are injurious to his welfare;

(g) Who deserts or is a fugitive from his home, or who is habitually disobedient or beyond the control of his parents or other custodian, or is incorrigible;

(h) Who being required by law or his parents or custodian to attend school is a willful and habitual truant therefrom;

(i) Who violates any State or federal law, or any municipal or county ordinance; provided, however, that in violations of federal law jurisdiction in such cases shall be concurrent and shall be assumed only if waived by the federal court;

(j) Whose condition or situation is alleged to be such that his welfare de-

mands adjudication as to his disposition, control and custody, provided that jurisdiction in such cases shall be concurrent with and not exclusive of that of courts having equity jurisdiction, as provided in § 16.1–161 hereof;

(k) Who violates within the county or municipality for which it is established any ordinance of a service district, within which such county or municipality is situated."

Section 16.1–164 of the Virginia Code of 1950, as amended, (Supp.1973) provides in part,

"When the probation department of any court receives reliable information that any child or minor is within the purview of this law or subject to the jurisdiction of the court hereunder, the court may proceed informally and make such adjustment as is practicable without a petition or may authorize a petition to be filed by any person, and if any such person does not file a petition a probation officer shall file it; but nothing herein shall affect the right of any person to file a petition if he so desires."

As has been quoted *supra*, Section 16.-1–166 provides for a hearing after a petition has been filed but adds that the judge may order that a child be taken into custody immediately "if it appears that the child is in such condition or surroundings that his welfare requires or there is other good reason that his custody be immediately assumed by the court." It must be realized for purposes of this action that Mrs. McGhee's children were only temporarily removed from her custody prior to a hearing in order to protect them. A hearing was held on March 14, 1973, and it was determined that her children should not be returned. The procedure for immediate seizure in Section 16.1–166 is obviously for the protection of the children until a full hearing can be held.

Turning next to the case law bearing on the question of vagueness, it should be pointed out what this case does not involve. This case does not concern a criminal provision. Criminal statutes and ordinances have traditionally involved a greater degree of specificity than other laws. E.g., Palmer v. City of Euclid, 402 U.S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98 (1971); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L. Ed. 888 (1939); Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Statutes which inhibit political expression and particularly First Amendment rights have also been required to have a high degree of specificity. E. g., Interstate Circuit, Inc. v. Dallas, 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968); Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); Cramp v. Board of Public Instruction, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961).

This is not to say that the interest of Mrs. McGhee in the custody of her children is not substantial and worthy of vigorous protection, but it is significant to realize that this is not merely a case in which the interest of the state is pitted against that of the individual. The children of plaintiff are also involved, and the statute which plaintiff attacks is quite obviously for their protection.

In United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947) the Supreme Court upheld a criminal statute challenged on grounds of vagueness and noted that a factor to be considered was whether the statute was as precise as was possible to accomplish the legislative purpose. To require the legislation being challenged in this case to set forth every conceivable situation in which the welfare of a child is deemed to be sufficiently jeopardized so as to allow a court to immediately assume his custody would be to impose an impossible burden on the Legislature that would serve neither the interests of the child nor the public. Undoubtedly abuses may occur, but the loss will be temporary, and as will be seen from the disposition of this complaint, there are remedies that

should insure a high degree of care in resorting to such a drastic remedy as was used in this case.

■ For the reasons stated, this court is of the opinion that the claim that § 16.1–166 is unconstitutionally vague is without sufficient substance to warrant the convening of a three-judge court. This result is consistent with that of other federal courts and reflects the concerns of the federal judiciary in the serious disruption created by the indiscriminate resort to three-judge courts. See Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); Smith v. Follette, 445 F.2d 955 (2d Cir. 1971); Maryland Citizens for a Representative General Assembly v. Governor of Maryland, 429 F.2d 606 (4th Cir. 1970); Heaney v. Allen, 425 F.2d 869 (2d Cir. 1970). Also on the basis of what has been said above, this court will dismiss plaintiff's prayer for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 declaring § 16.1–166 of the Code of Virginia unconstitutional.

## THE SUIT FOR DAMAGES

Plaintiff has also asked for damages and injunctive relief against the defendants for failure to follow the statutory procedures quoted *supra*. Jurisdiction is conferred pursuant to 28 U.S.C. § 1343 (3)[1] which is the jurisdictional counterpart to Title 42 U.S.C. § 1983.[2] The defendants have moved to dismiss the claim on several grounds which will be discussed below.

■ It is first contended that the complaint fails to state a cause of action upon which relief may be granted. This is surely not the case for if plaintiff can prove her allegations she will have shown a deprivation of her right to the custody of her children under color of state law and without due process of law. What plaintiff has alleged is that her children were seized pursuant to summonses and detention orders which were signed by the deputy clerk of the Juvenile and Domestic Relations Court for Roanoke County despite the explicit statutory provision in § 16.1–166 that "the judge may order by endorsement upon the summons or other process issued that the officer serving or executing the same shall at once take the child into custody." The defendants have offered no explanation as to why the deputy clerk assumed the role of the judge in this case. Also of relevance is the allegation that no effort was made to warn Mrs. McGhee that her children would not return home from school, and only after calling the school did she learn that the welfare department had taken her children. Without expressing any opinion as to whether these allegations can be proved or whether sufficient explanation can be made by the defendants, suffice it to say that a cause of action has been stated.

■ Defendants also contend that the issues presented in the complaint are moot because a hearing was subsequently held and custody of the children was awarded to the Roanoke County Department of Public Welfare. What has been

---

1. The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
   (1) . . .
   (2) . . .
   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

2. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

made moot by this subsequent hearing and disposition is plaintiff's claim that her children should not have been taken at all or that they should be returned. Thus there is no longer a basis for injunctive relief. But plaintiff has also asked for damages and the issue of whether she is entitled to monetary relief for the allegedly illegal initial seizure has no been made moot.

■ Defendants have also raised the issue of exhaustion of state remedies. The short answer to this contention is simply that a suit under 42 U.S.C. § 1983 does not require the exhaustion of state remedies. Hayes v. Secretary of Department of Public Safety, 455 F.2d 798 (4th Cir. 1972).

## CLASS ACTION

■ In order for plaintiff to maintain this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, she must first satisfy all of the conditions set forth in 23(a) and then must demonstrate that her action is appropriate under one of the subdivisions of 23(b).[3] The class sought to be represented includes those persons in Roanoke County who are subject to having their children seized pursuant to the statutory procedures detailed *supra*. In light of the fact that this court has concluded that plaintiff's contention that the statute is unconstitutional is without substance and that there is no longer a basis for equitable relief, this case cannot be maintained as a class action. Specifically, it does not appear that the claim of Mrs. McGhee would necessarily be typical of the claims of the class she purports to represent, nor would she be able to satisfy the requirement of 23(b)·(2)

in light of the disposition that has been made of the constitutional and equitable claims in this case. It thus appears that this case should be limited to the named plaintiff and her claim for damages.

## PROPER DEFENDANTS

■■ The final issue to be dealt with at this stage of this action is that of narrowing the number of persons named as defendants to those who are potentially liable in damages for their actions. The law is clear that in actions under 42 U.S.C. § 1983 judges enjoy absolute immunity. Pierson v. Ray, 386 U.S. 547, 554–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); McCray v. State of Maryland, 456 F.2d 1 (4th Cir. 1972); Mullins v. Oakley, 437 F.2d 1217 (4th Cir. 1971). Accordingly, Judge Moyer is dismissed as a party defendant to this action.

■■ As for defendant Ruth Poole, Deputy Clerk for the Juvenile and Domestic Relations Court, who allegedly signed summonses and detention orders authorizing the seizure of plaintiff's children, no absolute judicial immunity exists. Although judicial immunity would perhaps extend to a court clerk in her exercise of discretionary duties, in this case it is alleged that defendant Poole did not take the action in question in the performance of her duties, but rather acted contrary to explicit statutory provisions. It is clear that judicial immunity does not extend to quasi-judicial officers who act outside their lawful authority, McCray v. State of Maryland, 456 F.2d 1 (4th Cir. 1972).[4] Thus Ruth Poole is a proper party defendant to this action.

■ Plaintiff has also named A. T. Huddleston, Mary Gregson, John W.

3. Plaintiff has relied on 23(b)(2) which states,
"the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

4. The court in *McCray* allowed a state prisoner to maintain a suit under § 1983 against a court clerk who was allegedly negligent in the filing of his papers. The court specifically refused to extend the absolute immunity of judges to lesser judicial officials.

Fox, and C. Lawrence Dodson, members of the Roanoke County Welfare Department Board, as defendants to this action stating that they are responsible for establishing the policy of the agency and overseeing its implementation. It is not alleged that these defendants were personally involved in the seizure of plaintiff's children. Generally an official will not be liable under 42 U.S.C. § 1983, unless he is personally involved in the conduct which deprives a person of his constitutional rights under color of state law. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). Otherwise stated, the doctrine of *respondeat superior* has no application in a § 1983 action insofar as liability is concerned. Bennett v. Gravelle, 323 F.Supp. 203, 214 (D.Md. 1971), aff'd, 451 F.2d 1011 (4th Cir.), cert. dismissed, 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692 (1972).[5] Accordingly, the members of the Roanoke County Welfare Department Board are dismissed as defendants to this action.

■ Betty Lucas, Superintendent of the Roanoke County Welfare Department has also been named as a defendant. It is stated in plaintiff's complaint that she has the power and duty to supervise, regulate, and control the employees of the Roanoke County Welfare Department and can correct abuses by such employees. Inasmuch as it is impossible to determine the extent of her involvement, if any, in the events which are the basis of this action, she will not be dismissed as a defendant to this action at this time.

■ Michael Kavanaugh, the Deputy Sheriff who served the detention orders for the seizure of Mrs. McGhee's children should be dismissed as a defendant to this action. From the complaint it appears that deputy Kavanaugh did nothing more than carry out the essentially ministerial function of serving papers as provided in the statute. On such allegations there is no basis for him to be held liable and he will be dismissed as a defendant. See Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Jenkins v. Averett, 424 F.2d 1228 (4th Cir. 1970).

■ The final defendant named in this action is Nancy Burness, a caseworker for the Roanoke County Welfare Department, who filed the petitions which resulted in the removal of plaintiff's children. At this stage, she is obviously a proper defendant to this action.

In conclusion, it is the opinion of this court that no substantial question has been stated with respect to the constitutionality of the Code of Virginia of 1950 § 16.1–166, but the allegations in the complaint are sufficient to state a cause of action against certain of the named defendants under Title 42 U.S.C. § 1983 and Title 28 U.S.C. § 1343(3). Furthermore, this court feels that this action is not maintainable as a class action and there is no longer a basis for equitable relief. Accordingly, the case will be set for trial on the issue of damages against those defendants not dismissed from the case. An order will be entered accordingly.

---

5. There is no such requirement of direct personal involvement when injunctive relief is an issue, Schnell v. City of Chicago, 407 F. 2d 1084, 1086 (7th Cir. 1969); Lankford v. Gelston, 364 F.2d 197 (4th Cir. 1966), but because this case has been limited to damages, the members of the Welfare Board should not be required to defend this suit.