UNITED STATES of America, Plaintiff,

v.

Robert WIDDOWSON, Bruce Bachman, and Michael Whitely, Defendants.

Cr. No. 88–459 SC.

United States District Court, D. New Mexico.

March 29, 1989.

**584**

Robert J. Baca, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff.

Nancy Hollander, Albuquerque, N.M., Charles O. Grigson, Austin, Tex., and Floyd W. Lopez and Peter Schoenburg, Federal Public Defender, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION

CAMPOS, Chief Judge.

This matter came before the Court for a hearing on the motions of Defendants to dismiss the indictment. The indictment returned by the grand jury charged Defendants with numerous violations of 21 U.S.C. § 841, possession with intent to distribute and distribution of a Schedule I controlled substance, a violation of 21 U.S.C. § 846, conspiracy to violate 21 U.S.C. § 841, and a violation of 21 U.S.C. § 856, establishment of operations to manufacture a controlled substance. The substance of concern to each of these counts was N-hydroxy 3, 4–Methylene–dioxyamphetamine.

Defendants sought dismissal of the indictment on three grounds: (1) that this substance was improperly placed on Schedule I by the Drug Enforcement Administration in that the procedures for notice were not complied with; (2) that the Drug Enforcement Administration's placement of this substance on Schedule I is invalid because it was done pursuant to a constitutionally invalid delegation of authority to the Drug Enforcement Administration from the Attorney General of the United States; and, (3) that the delegation of authority from Congress to the Attorney General to place substances on Schedule I found in 21 U.S.C. § 811(h) is unconstitutional because it violates the separation of powers doctrine.

At the hearing on Defendants' motions, the Court received evidence and heard oral argument on the first two points raised by Defendants. The Court ruled that the Drug Enforcement Administration did provide adequate notice of its intent to place this substance on Schedule I. However, Defendants' second point was the fatal blow to this indictment. The Court held that the authority delegated to the Attorney General of the United States found in 21 U.S.C. § 811(h) could not, in turn, be delegated to the Drug Enforcement Administration. In view of this holding the Court did not address Defendants' third point. The Court's reasoning on Defendants' first and second arguments is set forth below.

## I. NOTICE REQUIREMENTS OF 21 U.S.C. § 811(h)

■ 21 U.S.C. § 811(h) sets forth a procedure for the temporary scheduling of drugs to avoid imminent hazards to public safety pending a determination of proper permanent scheduling pursuant to 21 U.S.C. § 811(a). The temporary scheduling provisions were enacted in 1984 "in an attempt to bypass on grounds of 'public safety'. the delays encountered in the formal hearing route under the Administrative Procedures Act" *United States v. Spain,* 825 F.2d 1426, 1427 (10th Cir.1987). The Attorney General is authorized to issue an order placing a drug on Schedule I after complying with the expedited procedures set forth in § 811(h):

(h)(1) * * * Such an order may not be issued before the expiration of thirty days from—

(A) the date of the publication by the Attorney General of a notice in the Federal Register of the intention to issue such order and the grounds upon which such order is to be issued, * * *

In the matter now before the Court Defendants argued that the notice of the intention to issue an order placing N-hydroxy 3, 4 Methylenedioxyamphetamine on Schedule I was defective, and therefore the order was ineffective. *See, United States v. Caudle*, 828 F.2d 1111 (5th Cir.1987) (failure to follow the procedures set forth in § 811(h) required dismissal of the indictments). On August 13, 1987, a notice was published in the Federal Register entitled "Schedules of Controlled Substances Temporary Placement of N-ethyl MDA and N-hydroxy MDA into Schedule I of the Controlled Substances Act". 52 Fed.Reg. 30175. Two chemical compounds were placed on Schedule I in the body of the notice, the compound pertinent to this matter was shown as N-hydroxy-alpha-methyl –3, 4, (methylenedioxy)phenethylamine (N-hydroxy MDA). 52 Fed.Reg. 30177. Over thirty days after the issuance of this notice, on October 15, 1987 an order was issued placing the following substance on Schedule I: "N–hydroxy–3,4–methylenedioxyamphetamine (also known as N–hydroxy–alpha–methyl–3, 4–(methylenedioxy)phenethylamine, and N-hydroxy MDA)."

Defendants argue that the limited nature of the notice was not sufficient to apprise persons that the compound that was the subject of the proposed order was, in fact, N–hydroxy–3, 4 methylenedioxyamphetamine. It may not appear to those who are not proficient in chemistry that the compound named in the notice and that set forth in the subsequent order are the same substance. The testimony of the government's expert witness, a chemist with the Drug Enforcement Administration, demonstrated to the Court that these were, in fact, two names for the same substance, and that any person who had sufficient understanding of chemistry to manufacture this substance would, in fact, understand that these were two different names for the same substance. Defendants did not offer any evidence in rebuttal.

A person cannot be prosecuted for doing an act which is not prohibited by law; to do so is a due process violation of the most basic sort. *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). It is a fundamental requirement of due process that laws give the person of ordinary intelligence a reasonable opportunity to know what constitutes criminal conduct, in other words, a statute must give persons fair warning that certain conduct is proscribed. *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). *Colautti v. Franklin*, 439 U.S. 379, 390–91, 99 S.Ct. 675, 683, 58 L.Ed.2d 596 (1979). Objections under the due process clause that are based upon lack of notice may be overcome, however, in any specific case where reasonable persons would know that their conduct is at risk; the statute is judged on an as-applied basis. *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), citing to *United States v. Powell*, 423 U.S. 87, 92–93, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975); *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975); *Palmer v. City of Euclid*, 402 U.S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98 (1971) (per curiam); *United States v. National Dairy Corp.*, 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–98, 9 L.Ed.2d 561 (1963).

The indictment in this matter charges Defendants not with mere possession of a controlled substance, rather, they are charged with manufacturing and distributing the controlled substance. The unchallenged testimony of the government's expert witness established that the names listed in the notice and the order were different names for the same substance. This testimony also established that a reasonable person with the necessary knowledge to be able to manufacture the substance would be aware from the August 13, 1987 Notice of the Intent to Issue an Order that the subsequent order, when issued, would make the possession, distribution and manufacture of the substance a crime. Under the circumstances of this case, the Court rules that the notice which was published on August 13, 1987 was sufficient

and adequate. Therefore, the Order of October 15, 1987 is not invalid for failure to comport with the notice requirements of 21 U.S.C. § 811(h)(1)(A).

## II. DELEGATION OF AUTHORITY BY THE ATTORNEY GENERAL TO THE DRUG ENFORCEMENT ADMINISTRATION

■ In this instance, the Drug Enforcement Administration exercised the authority delegated to the Attorney General under 21 U.S.C. § 811(h). In 1987 the Attorney General amended a previous subdelegation of his authority under 21 U.S.C. § 811(a) to the Administrator of the Drug Enforcement Administration to include the functions Congress delegated to him in 21 U.S.C. § 811(h). 28 C.F.R. § 0.100, as amended July 1, 1987, 52 Fed.Reg. 38225. Defendants' second point in urging dismissal is that the Attorney General cannot subdelegate this authority to the Drug Enforcement Administration. Defendants rely on the decision of the Tenth Circuit in *United States v. Spain*, 825 F.2d 1426 (10th Cir.1987). If Defendants are correct, then the order issued by the Administrator is of no force or effect, and the indictment against them must be dismissed.

The narrow issue before the Tenth Circuit Court of Appeals in *Spain*, supra, was whether the Drug Enforcement Administration had authority to act under 21 U.S.C. § 811(h) and put a drug on Schedule I under a subdelegation of authority made by the Attorney General in 1973; the subdelegation of the Attorney General's functions under 21 U.S.C. § 811(a). The holding of the Tenth Circuit was that the authority delegated to the Attorney General in 21 U.S.C. § 811(h) was sufficiently different than that delegated to him in (a) of § 811, and was such that it could not be delegated to another entity. Therefore, it could not be assumed that the 1973 subdelegation to the Drug Enforcement Administration was operative in relation to the functions set out in 21 U.S.C. § 811(h). Although other Courts have not gone so far as to state that the Attorney General's functions under 21 U.S.C. § 811(h) could never be delegated, those that have considered the issue decided in *Spain*, supra, have agreed with the Tenth Circuit. See *United States v. Emerson*, 846 F.2d 541, 547 (9th Cir.1988); *United States v. Hovey*, 674 F.Supp. 161, 169–70 (D.Del.1987).

A thorough reading of the *Spain* opinion convinces this Court that the law in the Tenth Circuit is such that the Attorney General may not subdelegate those functions delegated to him by Congress in 21 U.S.C. § 811(h). This statute is at the blurred limits of the separation of powers doctrine. The Court of Appeals noted that it had to take into consideration the essentially "borderline" standards in the delegation of authority by Congress to the Attorney General in determining the validity of the subdelegation.

> We are concerned with new executive branch proceedings to create the definition of a felony which are summary and internal in nature * * *. All elements of the exercise of this authority must conform strictly to the law and decisions. It must be accomplished by the agency having authority to act. The statute must be narrowly read. 825 F.2d at 1429.

The statute specifically states that the requisite conclusion that temporary scheduling is necessary to avoid an imminent public hazard is to be made by the Attorney General alone. The factors that are to be considered are not technical factors, but relate solely to issues of public safety. These aspects of the temporary scheduling process led the Tenth Circuit to state:

> The conclusion as to the hazard to "public safety" is a standard especially within the expertise of the Attorney General himself and his immediate staff rather than one for a technical group as the DEA. * * * [The factors to be considered] indicate that the determination is to be made in the summary proceedings by an official concerned with public safety. 825 F.2d at 1428.

Furthermore, the Court of Appeals concluded by noting that "Congress does not always contemplate that the duties assigned to the Attorney General may be freely delegated." 825 F.2d at 1429, quoting *United States v. Giordano*, 416 U.S.

505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974). The Court cannot escape the strong wording of the Tenth Circuit in *Spain* to the effect that no matter how many times he may try to do so, the Attorney General cannot subdelegate to the Administrator of the Drug Enforcement Administration the functions that Congress placed in his hands in 21 U.S.C. § 811(h).

In light of the foregoing, the Court finds that the placement of N-hydroxy 3, 4 Methylenedioxyamphetamine on Schedule I by the Administrator of the Drug Enforcement Administration is invalid as outside the scope of his authority. Therefore, the indictment in this action which charges Defendants with possession with intent to distribute, distribution, manufacture and conspiracy in relation to a Schedule I controlled substance must be dismissed.