Melvin **BECK** and Carol **Beck**, Plaintiffs,

v.

**EDWARD D. JONES & CO.**, and Jack **Cahill**, Defendants.

No. 85–1292.

United States District Court, C.D. Illinois, Peoria Division.

April 13, 1990.

Thomas L. Perkins, Peoria, Ill., for plaintiffs.

Bruce C. Oetter, St. Louis, Mo., and Robert V. Dewey, Peoria, Ill., for defendants.

## ORDER

MIHM, District Judge.

Before the Court is a Motion by the Defendants to Dismiss Counts IX through XII of the Plaintiffs' Amended Complaint based upon the fact that the Racketeer Influenced and Corrupt Organizations Act is unconstitutionally vague. The Court denies this Motion.

## BACKGROUND

The Defendants Jones and Company and Jack Cahill are moving pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Counts IX through XII of Plaintiffs' Amended Complaint. The grounds for the Defendants' Motion is that the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO") is unconstitutionally vague both on its face and as applied to the facts of this case.

On October 11, 1988, the Plaintiffs filed their Amended Complaint in this action alleging in Counts IX through XII that the Defendants had violated RICO, 18 U.S.C. § 1961 *et seq.*, in the sale of an interest in a Petro Lewis limited partnership to the Plaintiffs by Defendant Cahill. In the Amended Complaint, the Plaintiffs expanded their RICO allegations to include the sale by another Jones broker of different Petro Lewis partnership programs to Plaintiffs in two other cases filed in this Court, the Bailey and Moffett actions (see Amended Complaint ¶¶ 35–39). Bailey was settled and dismissed by the U.S. District Court for the District of Colorado on June 20, 1989.

In addition, this Court notes that the government has been notified and given an opportunity to respond to the constitutional challenge; however, the government has chosen not to respond.

## WAIVER

■ The Plaintiffs claim that on approximately June 19, 1989, the Defendants filed a pleading entitled Answer of Defendants Jones and Company and Jack Cahill to Amended Complaint. They claim that the present Motion to Dismiss was filed almost four months after the answer, and therefore should be stricken as untimely under Federal Rule of Civil Procedure 12(b). 5 Wright & Miller, *Federal Practice and Procedure,* ¶ 1361, p. 644 (1969).

The Plaintiffs must lose on this issue because, under Rule 12(h), the defense of failure to state a claim upon which relief can be granted are preserved from waiver; therefore, motions raising this matter may be considered by the court even when interposed after the responsive pleading has been filed, although technically they are no longer Rule 12(b) motions. 5 Wright & Miller, *Federal Practice and Procedure,* ¶ 1361 (1969).

WHETHER THE COURT SHOULD DISMISS COUNTS IX THROUGH XII OF PLAINTIFFS' AMENDED COMPLAINT BECAUSE RICO IS UNCONSTITUTIONALLY VAGUE

■ The Defendants cite *H.J. Inc. v. Northwestern Bell Telephone Co.,* — U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) as their primary authority. In that case, the Supreme Court rejected the Eighth Circuit's rule that a single scheme could never constitute a "pattern."

Justice Scalia, in a concurring opinion joined by three other justices, suggested

*sua sponte* that RICO could not withstand a constitutional challenge based upon due process/void for vagueness grounds. *Id.* 109 S.Ct. at 2906–2909. Justice Scalia stated as grounds for his position that the majority's opinion did not clarify the concept of "pattern." *Id.* at p. 2908. In addition, Justice Scalia stated that after years of legal briefing and argument, countless millions in damages and attorneys' fees, numerous and conflicting judicial interpretations, and two decisions of the United States Supreme Court dealing with the issue, RICO's "pattern of racketeering" requirement is no clearer now than it was before. *Id.* at 2907. Justice Scalia added later that, since RICO has criminal applications as well, it must, even in its civil applications, possess the degree of certainty required for criminal laws. *Id.* at 2909. In putting forward this proposition, Justice Scalia cited *FCC v. American Broadcasting Co.*, 347 U.S. 284, 296, 74 S.Ct. 593, 600, 98 L.Ed. 699 (1954).

The Defendants further contend that RICO is a criminal statute and must be construed as such. A plaintiff in a civil RICO action must prove a violation of the substantive RICO provisions of 18 U.S.C. § 1962 and § 1964. Section 1962 lists criminal activities which are punishable by fine and/or imprisonment. Penal statutes, even if they have civil applicability, must be construed strictly. *American Broadcasting Co.*, 347 U.S. at 296, 74 S.Ct. at 600; *see also, Northwestern Bell*, 109 S.Ct. at 2909 (concurrence).

The Plaintiffs, in response to the Defendants, point out that the Defendants' citation to *Northwestern Bell*, 109 S.Ct. at 2906, is only to the concurring Opinion. Although the Supreme Court Justices were willing to consider the issue *sua sponte*, the majority of the Court obviously believed that a "pattern of racketeering activity" was definable, and the majority, in fact, interpreted the statute broadly despite exhortations that the meaning of "pattern of racketeering activity" should be defined more narrowly. *Id.* at 2899–2906.

The Plaintiffs go on to cite *United States v. Cappetto*, 502 F.2d 1351 (7th Cir.

1974), *cert. denied*, 420 U.S. 925, 95 S.Ct. 1121, 43 L.Ed.2d 395. In *Cappetto*, the court held that RICO was similar to the Sherman Act and various food and drug acts which permits both civil and criminal enforcement. *Id.* The court stated that "a civil proceeding to enjoin those acts [acts which the court analogized to RICO] is not rendered criminal in character by the fact that the acts also are punishable as crimes." *Id.* at 1357. The court further found that for purposes of rules of discovery, purposes of self-incrimination, and purposes of standard of proof, a proceeding under RICO, even if brought by the federal government, is a civil proceeding that should not be judged by the criminal standards of constitutional protection as long as the government is seeking enforcement only of the civil remedies. *Id.* at 1357.

In addition, in *Liquid Air Corp. v. Rogers*, 834 F.2d 1297 (7th Cir.1987), the court considered the defendants' argument that because civil RICO was quasi-criminal, a higher standard of proof than preponderance of the evidence standard should be used. The court rejected this argument, stating that a defendant in a civil RICO suit does not face imprisonment or other consequences associated with a criminal prosecution. *Id.* at 1302. In coming to their conclusion, the court in *Liquid Air* considered *Sedima v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). In *Sedima*, the United States Supreme Court rejected the view that a civil suit under RICO must be preceded by a criminal conviction for the same predicate acts. *Sedima*, 473 U.S. at 488–493, 105 S.Ct. at 3280–3283. Further, the Court stated that the remedies provided by civil RICO and the use of the term "racketeer" did not make RICO a quasi-criminal statute. *Id.* at 488–493, 105 S.Ct. at 3280–3283. The fact that the same conduct could result in both criminal and civil liability did not make the civil action into a criminal one, nor did the availability of attorneys' fees and treble damages under the civil remedies section of the act. *Id.* at 488–493, 105 S.Ct. at 3280–3283.

In *Shearson–American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 2344, 96 L.Ed.2d 185 (1987), the disputed issue concerned whether an arbitration provision in the plaintiff's contract with the defendant securities dealer requiring arbitration of all legal disputes was binding in a RICO suit. The court held that it was. The Supreme Court considered the argument that because RICO also provides for criminal prosecution, the entire statute should be considered quasi-criminal, and therefore not subject to arbitration. *Id.* 107 S.Ct. at 2344. This argument was rejected by the court, which noted that claims arising under § 1 of the Sherman Act may be subject to arbitration, even though such conduct may also give rise to claims of criminal liability. *Id.* at 2344.

From the foregoing cases, it is clear that the Seventh Circuit and the Supreme Court have rejected the argument that a civil suit under RICO is quasi-criminal in nature.

Despite these cases, the Defendants continue to argue that RICO is void for vagueness because "due process" requires that a penal statute define a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1982); *Hoffman Estates v. Flipside*, 455 U.S. 489, 498–499, 102 S.Ct. 1186, 1193–1194, 71 L.Ed.2d 362 (1982). This argument simply falls short.

The Defendants then go on to cite a long list of cases which show that the issue of what constitutes a pattern of racketeering activity has been frequently litigated and has generated considerable disagreement among the circuits (see Defendants' brief p. 6–12 for host of cases which have supposedly had difficulty with the issue).

As the Plaintiffs note, the mere fact that an issue has been frequently litigated does not prove its unconstitutional vagueness, nor does disagreement among the various circuits. Even further, the fact that RICO frequently gives rise to legal and factual complications cannot make the statute un-constitutional unless the Court is willing to declare that the antitrust laws, the conspiracy laws, and other laws which give rise to similar complications are unconstitutional.

Furthermore, the Plaintiffs cite several cases which have rejected constitutional attacks on vagueness grounds. In *United States v. Campanale*, 518 F.2d 352 (9th Cir.1975), *cert. denied*, 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638 *rehearing denied*, 424 U.S. 950, 96 S.Ct. 1422, 47 L.Ed.2d 356, the court held that the statute definitions, including those for pattern of racketeering activity, were adequate to put the defendants on notice. *Campanale*, 518 F.2d at 364.

The Fifth Circuit has rejected challenges to RICO based on allegations of unconstitutional vagueness in two criminal prosecutions. The Fifth Circuit held that any person of average intelligence could determine what actions would make him liable for participating in an enterprise through a pattern of racketeering activity. *United States v. Hawes*, 529 F.2d 472, 479 (5th Cir.1976); *United States v. Martino*, 648 F.2d 367, 381 (5th Cir.1981), *reconsidered in part*, 650 F.2d 651, *cert. denied*, 456 U.S. 943, 102 S.Ct. 2007, 72 L.Ed.2d 465, 456 U.S. 949, 102 S.Ct. 2020, 72 L.Ed.2d 474; *on rehearing*, 681 F.2d 952, *aff'd.*, 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17.

Other unsuccessful challenges to RICO on vagueness grounds include *United States v. Swiderski*, 593 F.2d 1246, 1249 (D.C.Cir.1978), *cert. denied*, 441 U.S. 933, 99 S.Ct. 2055, 60 L.Ed.2d 662; *United States v. Tripp*, 782 F.2d 38, 41 (6th Cir. 1986), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1656, 90 L.Ed.2d 199.

In sum, this Court rejects the argument that RICO is unconstitutionally vague.

## WHETHER RICO IS UNCONSTITUTIONALLY VAGUE AS APPLIED TO THE PRESENT CASE

█ The Defendants go on to argue that because RICO is a statute with criminal penalties, it must give fair notice of its scope to all those whose behavior might be encompassed within its terms. *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1982). Even if not unconstitu-

tionally vague on its face, a statute might be found to be unconstitutional in its application to particular conduct if that conduct is not clearly and unambiguously within the statute's parameters. *See, Palmer v. Euclid,* 402 U.S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98 (1971) ("no man shall be held ... responsible for the conduct which he could not understand to be prescribed"). The Defendants claim that in this case, because RICO does not fairly give notice that the alleged activities of the Defendants could constitute a "pattern" prescribed by the statute, the statute cannot be constitutionally applied to them.

The Defendants contend that they could not have reasonably been expected to understand that the conduct complained of would fall within the provisions of RICO because the Defendants Cahill and Jones could not reasonably have known in 1980 that they would be subjected to RICO liability if another broker sold the same securities to one or more customers a year later. In other words, they argue that the Plaintiffs' RICO pattern allegations are based on the Cahill's single sale of a Petro Lewis limited partnership to Plaintiffs in 1980 at Jones' Macomb office (Amended Complaint ¶ 6–11), and on sales of a different Petro Lewis limited partnership program by a different broker to two different customers in 1981, after Cahill left that office (Amended Complaint ¶¶ 35–39). The Defendants complain that if a RICO pattern is so easily established, any broker employed by a sizable brokerage firm risks daily RICO liability by selling any security recommended by his employer. The Defendants claim that all a plaintiff would need to allege is that he and another customer of the firm believed that the safety of the security they bought was overstated by the different brokers with whom they dealt. The Defendants claim this violates the fair notice/due process standards of the U.S. Constitution.

The Plaintiffs contend that they could allege additional and related acts of fraud by the Jones' agents; however, proving these additional acts would add needless time and expense to try the case. In addition, the Plaintiffs add that recovery is simply not that easy where a plaintiff must allege that the defendant received income, acquired interest or control in an enterprise, or conducted the affairs of an enterprise, through a pattern of racketeering activity.

And finally, in response to the criticism that some of the predicate acts making up the pattern of racketeering activity were committed by people other than Cahill and were committed in the Jones' Macomb office after Cahill had left the office, the Plaintiffs note that a defendant must have knowledge of the racketeering activities of other participants in the scheme or enterprise in order to be charged with them, even though it is not necessary that he knows of all of them or participates in all of them personally. *Martino,* 648 F.2d at 394.

This Court agrees with the Plaintiffs' arguments and finds that RICO is not unconstitutional as applied to the facts alleged in this case.

### CONCLUSION

The Defendants' Motion to Dismiss the RICO counts (Counts IX through XII) on the grounds that the RICO statute is unconstitutionally vague on its face or as applied to the facts of this case is DENIED.

It is so ordered.