873 So.2d 471 (2004)
STATE of Florida, Appellant,
v.
Mark CYPHERS and Donna McKinney, Appellees.
No. 2D03-1272.
District Court of Appeal of Florida, Second District.
May 12, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellant.
*472 Henry E. Lee of Law Office of Henry Lee, Sarasota, for Appellee Mark Cyphers.
Jackson McGill of Law Offices of R. Jackson McGill, Sarasota, for Appellee Donna McKinney.
STRINGER, Judge.
The State seeks joint review of two orders granting Mark Cyphers' and Donna McKinney's motions to dismiss on the grounds that the statutory scheme they were charged under is unconstitutionally vague. Cyphers and McKinney (Defendants) were charged with keeping a gambling house, contrary to section 849.01, Florida Statutes (2003), and possession of coin-operated devices (slot machines), contrary to section 849.15, Florida Statutes (2003). Because sections 849.01, 849.15, and 849.161, Florida Statutes (2003), are not impermissibly vague, we reverse the trial court's orders granting Defendants' motions to dismiss and remand for further proceedings.
Defendants operated an arcade amusement center with at least fifty amusement games, which Defendants believed to be permissible as part of the section 849.161 arcade amusement center exception to chapter 849, Laws of Florida. The machines at issue in this case are operated by the player's inserting cash into the machine and depressing a button, whereby a series of rotating icons begin to spin. The player then depresses the button to stop the spinning icons, attempting to line up the icons in combinations to be awarded credits. A certain number of credits may be exchanged for gift certificates redeemable at various specified businesses. Some businesses redeem the gift certificates for merchandise and cash. Both the State and Defendants conceded, and the court found, that skill affected the outcome in all the machines, but there was also an element of chance affecting the outcome.
Defendants challenged the informations, alleging that the statutory scheme under which they were charged is unconstitutionally vague. Specifically, Defendants argued that section 849.161(1)(a)(1)'s arcade amusement center exception for machines involving the "application of skill" is vague when read in conjunction with section 849.15, which prohibits slot machines involving "any element of chance." Additionally, Defendants argued that section 849.161(1)(a)(1) is vague in its requirement that points or coupons awarded to players could only be exchanged for merchandise, excluding cash and alcoholic beverages. The trial court agreed with Defendants' constitutional vagueness challenges and dismissed the informations, finding that the language of sections 849.01, 849.15, and 849.161 does not provide adequate notice of the prohibited conduct, leading to arbitrary and selective enforcement of the law.
To sustain a void for vagueness claim, Defendants must have established below that the statute "is so vague and lacking in ascertainable standards of guilt that, as applied [to Defendants], it failed to give `a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" Palmer v. City of Euclid, 402 U.S. 544, 545, 91 S.Ct. 1563, 29 L.Ed.2d 98 (1971) (citations omitted); see also State v. Barnes, 686 So.2d 633, 637 (Fla. 2d DCA 1996). It is well settled that "[w]hen a person has received fair warning from a criminal statute that certain conduct is prohibited, that person may not attack the vagueness of the statute simply because it does not give `similar fair warning with respect to other conduct which might be within its broad and literal ambit.' "Barnes, 686 So.2d at 636-37 (quoting Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974)). Thus, a defendant may not successfully challenge *473 a statute as vague when the record shows that the defendant engaged in conduct clearly proscribed by the plain and ordinary meaning of the statute. Id. at 637; see also State v. De La Llana, 693 So.2d 1075, 1077 (Fla. 2d DCA 1997). In this case, the record shows that Defendants' conduct is clearly not protected under the section 849.161(1)(a)(1) exception to gambling prohibitions. Thus, Defendants cannot sustain a void for vagueness claim, and we do not reach Defendants' argument that section 849.161(1)(a)(1) is vague when read in conjunction with section 849.15.
Section 849.15 prohibits possession of any slot machine, defined in section 849.16(1), Florida Statutes (2003), as
[a]ny machine or device ... that is adapted for use in such a way that, as a result of the insertion of any piece of money, coin, or other object, such machine or device is caused to operate or may be operated and if the user, by reason of any element of chance or of any other outcome of such operation unpredictable by him or her, may: ... [r]eceive or become entitled to receive any ... thing of value ... or ... [s]ecure additional chances....
Pursuant to section 849.161(1)(a)(1), however, section 849.15 shall not apply to an arcade amusement center with amusement games or machines "which operate by means of the insertion of a coin and which by application of skill may entitle the person playing or operating the game or machine to receive points or coupons which may be exchanged for merchandise only, excluding cash and alcoholic beverages," not to exceed a value of seventy-five cents per game.
Defendants do not argue that their conduct does not fall within the gambling prohibitions of sections 849.01 and 849.15. Rather, Defendants argue that they believed their conduct to be exempt from prosecution pursuant to the section 849.161(1)(a)(1) exception. We find, however, that Defendants' conduct is clearly not protected under the section 849.161(1)(a)(1) exception because Defendants' machines were not coin operated, as required by the plain and ordinary meaning of the statute.
The definition of slot machine includes a machine that may be operated by the insertion of "any piece of money, coin, or other object." In contrast, section 849.161(1)(a)(1) refers specifically to machines which operate by the insertion of "a coin." Furthermore, section 849.161(1)(a)(2), creating an exception pertaining to truck stops, refers to machines operated by the insertion of "a coin or other currency." The legislature's use of different terms in different sections of the same statute is "strong evidence that different meanings were intended." Clarke v. Schimmel, 774 So.2d 7, 9 (Fla. 2d DCA 2000). Thus, "[w]hen the legislature has used a term ... in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded." Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995). In addressing this issue, the Florida Attorney General's Office concluded that "the Legislature's use of only the term `coin' in section 849.161(1)(a)1., reflects an intent that only those machines that operate by use of a coin fall within the exception to the prohibition against slot machines." Op. Att'y Gen. Fla.2004-12 (2004).
In this case, the record is clear that Defendants' machines were not coin operated. Rather, Cyphers testified that the machines did not accept quarters and were operated by cash bills, with some machines accepting up to a hundred dollar bill. We find, based on the plain and ordinary meaning of the statute, that Defendants' *474 conduct is not protected by the section 849.161(1)(a)(1) exception to the gambling prohibitions of sections 849.01 and 849.15. Accordingly, Defendants' vagueness challenge to sections 849.01, 849.15, and 849.161 must fail. We reverse the trial court's orders dismissing Defendants' informations and remand for further proceedings.
Reversed and remanded.
COVINGTON and VILLANTI, JJ., Concur.