774 So.2d 7 (2000)
Marion Winnifred CLARKE, Appellant,
v.
Herbert G. SCHIMMEL, as Plenary Guardian of the Property of Michael A. Clarke, Appellee.
No. 2D99-3749.
District Court of Appeal of Florida, Second District.
June 23, 2000.
Rehearing Denied October 17, 2000.
*8 John J. Waskom of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellant.
Douglas R. Bald of Fergeson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for Appellee.
WHATLEY, Judge.
Marion Winnifred Clarke appeals the order denying her motion to compel her husband's guardian to distribute to her one-half of payments collected on certain intangible property pursuant to section 744.457(1)(c), Florida Statutes (1999). We reverse.
A plenary guardian was appointed for Michael A. Clarke, to whom Mrs. Clarke has been married for over forty years, after he suffered incapacitating effects from a stroke that occurred during surgery. The guardian refused Mrs. Clarke's request for payment of one-half of the amount he has collected in dividends on stocks and in interest and principal payments on mortgages because the instruments were titled solely in Mr. Clarke's name. The trial court concurred, ruling that section 744.457(1) applies only to property held as tenants by the entireties, and therefore, subsection 744.457(1)(c) is only applicable to intangible property held as tenants by the entireties.
Section 744.457(1), entitled "Conveyance of various property rights by guardians of the property," provides as follows with regard to situations where one spouse is incapacitated:
(1)(a) All legal or equitable interests in property owned as an estate by the entirety by an incapacitated person for whom a guardian of the property has been appointed may be sold, transferred, conveyed, or mortgaged in accordance with s. 744.447, if the spouse who is not incapacitated joins in the sale, transfer, conveyance, or mortgage of the property.
. . .
(b) In ordering or approving the sale and conveyance of the real or personal property owned by the ward and the ward's spouse as an estate by the entirety or as joint tenants with right of survivorship, the court may provide that one-half of the net proceeds of the sale shall go to the guardian of the ward and the other one-half to the ward's spouse, or the court may provide for the proceeds of the sale to retain the same character as to survivorship as the original asset.
(c) The guardian of the property shall collect all payments coming due on intangible property, such as notes and mortgages and other securities, and shall retain one-half of all principal and interest payments so collected and shall pay the other one-half of the collections to the spouse who is not incapacitated.
. . .
(d) The spouse of the incapacitated person shall collect all payments of rents on real estate held as an estate by the entirety and, after paying all charges against the property, such as taxes, insurance, maintenance, and repairs, shall retain one-half of the net rents so collected and pay the other one-half to the *9 guardian of the spouse who is incapacitated.
(Emphasis supplied).
As can be seen, subsection (c) contains no designation of a type of ownership, and the other three subsections refer to different types of ownership. "The legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended." State v. Mark Marks, P.A., 698 So.2d 533, 541 (Fla.1997) (quoting Department of Prof'l Regulation v. Durrani, 455 So.2d 515, 518 (Fla. 1st DCA 1984)). Thus, the trial court erred in inserting a term, to wit: tenants by the entireties, in subsection 744.457(1)(c) that the legislature excluded. See Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995) ("When the legislature has used a term... in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded.").
Mrs. Clarke also argues that the term "securities" in subsection 744.457(1)(c) includes stocks. This issue was argued at the hearing on her petition but the trial court found it unnecessary to address what instruments are encompassed by the term "securities" in light of its ruling. In light of our holding in this appeal, it is necessary for this court to address this issue, and we conclude that "securities" include stocks. Section 744.1025 provides that the definitions in the probate code shall apply to guardianship law. Section 731.201(31) of the probate code refers to section 517.021 for the definition of security, and subsection 517.021(19)(b) provides that a security includes "a stock." Accord Black's Law Dictionary 1215 (5th ed.1979) (defining "securities" to include stocks).
Accordingly, we conclude that pursuant to section 744.457(1)(c), Mrs. Clarke is entitled to payment of one-half of the amount the guardian has collected in stock dividends and mortgage payments.
Reversed and remanded with directions consistent with this opinion.
BLUE, A.C.J., and CASANUEVA, J., Concur.