Mr. Gordon B. Linn Pompano Beach City Attorney Post Office Box 2083 Pompano Beach, Florida 33061
Dear Mr. Linn:
On behalf of the Pompano Beach City Commission, you ask substantially the following questions:
1. Do adult arcades, adult amusement centers, or other similar facilities which maintain, operate or utilize amusement games or machines which may operate by means of the insertion of a coin, but also may operate by means of insertion of paper currency of various denominations, violate sections 849.01 and 849.15, Florida Statutes, since section 849.161(1)(a)1., Florida Statutes, refers only to such machines which operate by insertion of a coin?
2. Do adult arcades, adult amusement centers, or other similar facilities having amusement games or machines, act in violation of the requirements of section 849.161(1)(a)1., Florida Statutes, by awarding points or credits exchanged at the arcade for gift certificates which may be exchanged off premises at other businesses for merchandise that includes alcoholic beverages, or cash which is provided for the purchase of some item of nominal value, and thus violate sections 849.01 and 849.15, Florida Statutes?
Question One
Section 849.01, Florida Statutes, prohibits a person from keeping a gambling house.[1] Pursuant to section 849.15, Florida Statutes, it is unlawful to possess or permit the operation of any slot machine or device.[2] Section 849.16(1), Florida Statutes, defines those machines which qualify as a slot machine or device as
"one that is adapted for use in such a way that, as a result of the insertion of any piece of money, coin, or other object, such machine or device is caused to operate or may be operated and if the user, by reason of any element of chance or of any other outcome of such operation unpredictable by him or her, may:
(a) Receive or become entitled to receive any piece of money, credit, allowance, or thing of value, or any check, slug, token, or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance, or thing of value or which may be given in trade; or
(b) Secure additional chances or rights to use such machine, apparatus, or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver, or present some merchandise, indication of weight, entertainment, or other thing of value."
Thus, if the receipt of a prize is dependent on any element of chance, the machine would fall within the above definition of a slot machine proscribed by section 849.15, Florida Statutes.
Section 849.161, Florida Statutes, creates a limited exception from the prohibitions of Chapter 849, Florida Statutes, for an arcade amusement center having amusement games or machines that operate by means of the insertion of a coin. "Arcade amusement center" is defined to mean "a place of business having at least 50 coin-operated amusement games or machines on premises which are operated for the entertainment of the general public and tourists as a bona fide amusement facility."[3]
Section 849.161(1), Florida Statutes, provides:
"(a)1. Nothing contained in this chapter shall be taken or construed as applicable to an arcade amusement center having amusement games or machines which operate by means of the insertion of a coin and which by application of skill may entitle the person playing or operating the game or machine to receive points or coupons which may be exchanged for merchandise only, excluding cash and alcoholic beverages, provided the cost value of the merchandise or prize awarded in exchange for such points or coupons does not exceed 75 cents on any game played.
* * *
(b) Nothing in this subsection shall be taken or construed as applicable to a coin-operated game or device designed and manufactured only for bona fide amusement purposes which game or device may by application of skill entitle the player to replay the game or device at no additional cost, if the game or device: can accumulate and react to no more than 15 free replays; can be discharged of accumulated free replays only by reactivating the game or device for one additional play for such accumulated free replay; can make no permanent record, directly or indirectly, of free replays; and is not classified by the United States as a gambling device in 24 U.S.C. s. 1171 . . . unless excluded from applicability of the chapter under s. 1178. This subsection shall not be construed to authorize video poker games, or any other game or machine that may be construed as a gambling device under Florida law." (e.s.)
The Legislature's intent may be discerned by its election to use the same or different words within a statute; legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended.[4] Whereas the definition of slot machine includes a machine that is adapted for use in such a way that as a result of the insertion of any piece of money, coin or other object, it may be operated, the exception afforded by section 849.161(1)(a)1., Florida Statutes, refers only to machines which are operated by insertion of a coin. In contrast, section 849.161(1)(a)2., Florida Statutes, which creates a limited exception for truck stops, refers to machines which operate "by means of insertion of a coin or other currency[.]"
Accordingly, it appears that the Legislature's use of only the term "coin" in section 849.161(1)(a)1., reflects an intent that only those machines that operate by use of a coin fall within the exception to the prohibition against slot machines. Those machines which operate by use of a coin or paper currency (which are permitted under section 849.1611[a]2., Florida Statutes, for truck stops) would not qualify, in my opinion, for the exception afforded for arcade amusement centers.
Therefore, I am of the opinion that adult arcades, adult amusement centers, or other similar facilities which maintain, operate or utilize amusement games or machines for which the receipt of a prize is dependent on any element of chance and which may operate by means of the insertion of a coin, but also may operate by means of insertion of paper currency of various denominations, violate sections 849.01 and 849.15, Florida Statutes, since section 849.161(1)(a)1., Florida Statutes, permits machines which operate by insertion of a coin only.
Question Two
As discussed in Question One, section 849.161(1)(a)1., Florida Statutes, contains a limited exception from the prohibitions of Chapter 849, Florida Statutes, for arcade amusement centers having games or machines which operate by means of the insertion of a coin and which by application of skill may entitle the person playing or operating the game "to receive points or coupons which may be exchanged for merchandise only, excluding cash and alcoholic beverages, provided the cost value of the merchandise or prize awarded in exchange for such points or coupons does not exceed 75 cents on any game played."[5]
According to your letter, the points or coupons received by patrons in the instant inquiry contain no limitation to prevent their exchange for alcohol or cash. This would appear to be contrary to the requirements of the statute. Section849.161(1)(a)1., Florida Statutes, clearly prohibits points or coupons awarded being exchanged for cash or alcoholic beverages. Those seeking to claim the exemption afforded by this section must ensure that all, not merely some, of the requirements for the exemption have been satisfied.[6] By failing to ensure that points or coupons awarded are exchanged for merchandise only and not for alcoholic beverages or cash, such arcade amusement centers appear to have failed to meet all the requirements for application of the exemption.
Therefore, I am of the opinion that adult arcades, adult amusement centers, or other similar facilities having amusement games or machines, act in violation of the requirements of section 849.161(1)(a)1., Florida Statutes, by awarding points or credits exchanged at the arcade for gift certificates which may be exchanged off premises at other businesses for merchandise that includes alcoholic beverages, or cash which is provided for the purchase of some item of nominal value, and thus violate sections 849.01 and 849.15, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 849.01, Fla. Stat., provides:
"Whoever by herself or himself, her or his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling or in any place of which she or he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be guilty of a felony of the third degree, punishable as provided in s.775.082, s. 775.083, or s. 775.084."
[2] Section 849.15, Fla. Stat., provides that it is unlawful:
"(1) To manufacture, own, store, keep, possess, sell, rent, lease, let on shares, lend or give away, transport, . . . or permit the operation of, or for any person to permit to be placed, maintained, or used or kept in any room, space, or building owned, leased or occupied by the person or under the person's management or control, any slot machine or device or any part thereof; or
(2) To make or to permit to be made with any person any agreement with reference to any slot machine or device, pursuant to which the user thereof, as a result of any element of chance or other outcome unpredictable to him or her, may become entitled to receive any money, credit, allowance, or thing of value or additional chance or right to use such machine or device, or to receive any check, slug, token or memorandum entitling the holder to receive any money, credit, allowance or thing of value."
[3] See s. 849.161(2), Fla. Stat.
[4] See State, Department of Revenue v. Central Dade Malpractice Trust Fund, 673 So.2d 899 (Fla. 1st DCA 1996); Clarke v. Schimmel, 774 So.2d 7, 8 (Fla. 2d DCA 2000).
[5] And see s. 849.161(1)(b), Fla. Stat., which permits such games or devices to entitle a player by application of skill to replay the game or device at no additional cost subject to certain conditions.
[6] Cf. Op. Att'y Gen. Fla. 88-41 (1988) (any new local chapter or branch of a national or regional organization may qualify for bingo operations only by meeting all the statutory requirements set forth in s. 849.093, Fla. Stat.).